ROBINSON, *Appellant*, v. WARE.

**Dower:** STATUTE OF LIMITATIONS. An action for assignment of dower is an action to recover real estate, and is barred by the ten years statute of limitations. (R. S., 1879, sec. 3219).

*Appeal from Audrain Circuit Court.* — HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*J. McD. Trimble* and *George Robertson* for appellant.

(1)   The court erred in refusing the two instructions asked by the appellant, and in rendering judgment for the defendant; for, upon the special findings as shown by the judgment of the court, the appellant is entitled to a judgment for the admeasurement of dower in the lands described in the petition, unless she is barred by the statute of limitations.   Dower is not within the statute of limitations unless made so expressly. "Except where specially so provided a widow's right to dower is

not barred by the statute of limitations in the several states." Wood on Lim. of Act., sec. 273, chap. 21 ; *Bernard v. Edwards*, 4 N. H. 107 ; *Bordley v. Clayton*, 5 Harr. [Del.] 154 ; *May v. Rumney*, 1 Mich. 1 ; *Wakeman v. Roache*, 1 Dud. [Ga.] 123 ; *Toocke v. Hardeman*, 7 Ga. 20 ; *Ridgeway v. Macalpine*, 31 Ga. 458 ; *Owen v. Campbell*, 32 Ala. 357 ; *Littleton v. Patterson*, 32 Mo. 357. In *Johns v. Fenton*, 88 Mo. 64, the text above quoted from Wood on Limitations of Actions, is adopted as the law of this state, and that case is decisive of the one now presented. In *Dyer v. Wittler*, 89 Mo. 95, the doctrine enunciated in *Johns v. Fenton, supra*, is commented upon and approved by the court. (2) Section 3219, Revised Statutes, does not apply to this case because the plaintiff never had the ".previous seizure or possession" that is implied by that section. *Littleton v. Patterson*, 32 Mo. 357 ; *Johns v. Fenton*, 88 Mo. 64 ; *Dyer v. Wittler*, 89 Mo. 95. (3) Respondent relies upon section 3229, Revised Statutes, to bar plaintiff's action. But all of the sections in that article refer to "personal actions" only. R. S., sec. 3228 ; *Bobb v. Woodward*, 50 Mo. 103 ; *Hunter v. Hunter*, 50 Mo. 451 ; *Rogers v. Brown*, 61 Mo. 191 ; *Thomas v. Mathew*, 51 Mo. 107. (4) Said section 3229 of Revised Statutes, 1879, does not apply to this case, as claimed by the respondent, because an action for dower is not a "personal action," but is an action "for the recovery of real property." R. S., 1879, secs. 2208, 2211, 2212, 2214 ; Stephens on Pleading, 43 ; 1 Chitty on Pleading, 97 ; 4 Kent's Com. (12 Ed.) note ending on page 72 ; R. S., 1879, sec. 1681 ; 2 Black. Com. (Sharswood) 117 ; *Stokes v. McAllister*, 2 Mo. 163. (5) The courts which have decided that the action for dower is barred under the statutes of limitations of their respective states, have held that it is so barred because it is an action "for the recovery of real property." *Barrier v. Conover*, 1 Harr. [N. J.] 107 ; *Torry v. Minor*, S. & M. Ch. [Miss.] 489 ; *Tuttle v. Wilson*, 10 Ohio, 24 ;

*Proctor v. Bigelow*, 38 Mich. 282. But the respondent asks this court to decide the action barred under our statute because it is not an action "for the recovery of real property." (6) So completely is the action for dower a real action that no personal judgment can be rendered against the defendant for the damages of detention ; such damages can be collected out of the real estate only. R. S., sec. 2228 ; *Giffin v. Regan*, 79 Mo. 73. (7) Every interest in land is "real property." R. S., sec. 1681. Dower is an interest in land being a life estate. 4 Kent's Com. 36. Therefore, dower is "real property." It follows then, that an action for the recovery of dower is an action for the recovery of real property. Section 3229 does not bar actions for the recovery of real property. R. S., sec. 3223. An action for the recovery of dower is an action for the recovery of real property. Therefore, section 3229 does not bar an action for the recovery of dower. Section 3219 bars those rights of action only, which arise from a disseisin. Rights of action for the recovery of dower do not arise from disseisin. Therefore, section 3219 does not bar the right of action for the recovery of dower.

*Slaughter & Taylor* also for appellant.

(1) The action for dower is a real action or an action to recover lands. *Jones v. Patterson*, 12 Pa. St. 149 ; *Jones v. Powell*, 6 Johns. Ch. 194 ; *Ramsey v. Dozier*, 2 Brev. [S. C.] 246 ; *Rice v. Nelson*, 27 Iowa, 148 ; *Parker v. Obear*, 7 Met. 24 ; *Wakeman v. Roache*, Dudley's Rep. [Ga.] 123 ; *May v. Rumey*, 1 Mich. 1 ; *Bernard v. Edwards*, 4 N. H. 107 ; Stephens on Plead. 43, 45 ; Wood on Lim. 584 ; R. S., 1879, sec. 2208 ; R. S., 1825, p. 335, sec. 10. (2) Being a real action, it is settled that dower is not barred by the statute of limitations. *Littleton v. Patterson*, 32 Mo. 357 ; *Johns v. Fenton*, 88 Mo. 64. (3) An action for dower cannot be included under article 2 of the chapter on limitation.

R. S., sec. 1329. Article 2 only applies to personal actions. *Bobb v. Woodward*, 50 Mo. 103 ; *Hunter v. Hunter*, 50 Mo. 445 ; *Rogers v. Brown*, 61 Mo. 187 ; *Thomas v. Mathews*, 51 Mo. 107. (4) Even if the action for dower is included in article 2, it is not limited by the third clause of section 1329. Wood on Lim. 584 ; *Johns v. Fenton*, 88 Mo. 64 ; *Wakeman v. Roache*, Dudley's Rep. [Ga.] 123 ; *Parker v. Obear*, 7 Met. 24.

*T. B. Buckner* for respondent.

(1) The statute of limitations of this state is divided into two articles. Article one, styled "real actions," which embraces "actions for the recovery of lands," and article two, styled "of personal actions," which embraces all "civil actions other than those for the recovery of real property." R. S., chap. 48. (2) An action for the admeasurement of dower is not an action "for the recovery of lands," but is a mere chose in action, the right to which became complete on the death of plaintiff's husband, in 1869. *Waller v. Mardus*, 29 Mo. 25 ; *Littleton v. Patterson*, 32 Mo. 357 ; *Johns v. Fenton*, 88 Mo. 64. (3) An action for admeasurement of dower is a civil action. "There shall be in this state but one form of action for the enforcement or protection of private rights and redress or prevention of private wrongs, which shall be denominated a civil action." R. S., sec. 3461. (4) Being a "civil action," and still not being "an action for recovery of lands," it must be a "civil action other than those for the recovery of real property," and hence be governed by article two, *supra*. R. S., sec. 3228. (5) Until dower be assigned, it is a mere right of action and not an estate in land. *Waller v. Mardus*, 29 Mo. 25 ; *Benoist v. Murrain*, 47 Mo. 557. (6) If the action for the admeasurement of dower is "a civil action other than for the recovery of real property," the right to which became complete on the death

of plaintiff's husband, then the action has to commence within ten years after the cause of action accrued, or the statute of limitations will be a complete bar. Section 3229, Revised Statutes, provides what actions shall be commenced within ten years : " First, an action, etc. ; second, actions, etc. ; third, actions for relief not herein otherwise provided for." (7) The third subdivision, " actions for relief not herein otherwise provided for," was intended to and does include all civil actions of whatever kind or nature, whether at law or in equity, except such as had been " otherwise provided for," and hence included the action for the admeasurement of dower. *Hunter v. Hunter*, 50 Mo. 445–51 ; *Rodgers v. Brown*, 61 Mo. 191 ; *Adair v. Adair*, 78 Mo. 635.

*Pratt, McCrary & Ferry* also for respondent.

(1) The question presented has never before been before this court, because the clause of the statute of limitations here invoked (R. S., sec. 3229, subdiv. 3) was not referred to by counsel or considered by the court in any former case before this court. (2) But even if the question is not *res nova*, it should be reconsidered. (3) The cause of action of plaintiff is barred by the provisions of section 3229, Revised Statutes of 1879.

BLACK, J.—This was an action for the assignment of dower, commenced in June, 1884. The plaintiff failed in the court below on the ground that her action was barred by the statute of limitations. The facts are these : Benjamin Robinson, plaintiff's husband, died in April, 1867, seized in fee of the described premises. The administrator sold the land in 1869 for the payment of the debts of the deceased, under an order of the probate court, and the defendant became the purchaser. He had had adverse possession for more than ten years before the commencement of this suit.

Robinson v. Ware.

It becomes of some importance to determine at the outset whether this action is one for the recovery of real estate. The old writ of dower, *unde nihil habet*, and the writ of right of dower were classed as real actions. Angell on Lim. [6 Ed.] sec. 367; Wood on Lim., sec. 273; Stephens on Plead. [9 Am. Ed.] 10.

Our statute, in respect of the assignment of dower, provides, and for many years has provided, that "when any widow shall be entitled to dower in real estate, and she be deforced thereof, or cannot have it without suit, or if her dower be unfairly assigned, or not assigned within two years after the death of her husband, she may sue for and recover the same with damages." R. S., sec. 2206. The suit is to be brought against any person claiming an interest in the land, or being in possession, or who shall deforce her of her dower. The interlocutory judgment is that she be seized of her dower, the appointment of commissioners to set off the same, and that she recover the damages to be assessed; and by the final judgment she is awarded a writ of possession and an execution for the damages. R. S., secs. 2206–11–14–15.

Now if the old writs, which, it seems, did not give the widow possession, were properly classed as real actions, then with much greater reason should our proceeding be denominated a real action, for it not only determines the right to dower, sets off the third part of the lands, but gives possession. The final judgment, besides determining the right and awarding damages, is equivalent to a judgment in an action of ejectment. It is sometimes said that an unassigned dower is a chose in action, but upon the death of the husband, the inchoate interest becomes consummated, and her right to demand and enter upon the enjoyment of that interest commences. 1 Scrib. on Dower, 618. Call it what we may, it is an interest in real estate, and the proceeding to have dower assigned is, in this state, a possessory action.

It comes literally within the words, an action for the recovery of lands, or for the recovery of the possession thereof.

The sections of the Revised Statutes of 1879, concerning the limitations of actions and having a direct bearing upon the questions of law at issue, are:

"Section 3219. No action for the recovery of any lands, tenements, or hereditaments, or for the recovery of the possession thereof, shall be commenced, had, or maintained by any person * * * unless it appear that the plaintiff, his ancestor, predecessor, grantor, or other person under whom he claims, was seized or possessed of the premises in question within ten years before the commencement of such action."

"Section 3228. Civil actions other than those for the recovery of real property can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued."

"Section 3229. Within ten years: * * * third, actions for relief not herein otherwise provided for."

Other sections follow, fixing a limitation of five, three, and two years for different classes of personal actions.

At first it would seem to follow, from what has been said, that this action is within section 3219. But it has been generally, though not always, held in the United States that the action for dower is not within those statutes, in respect of the limitation of real actions, which are modeled after the statutes of Henry VIII. and James I. as ours are. 2 Scrib. on Dower, chap. 20; Angell on Lim. [6 Ed.] 369; Wood on Lim. of Act., sec. 273. Hence it was held in *Littleton v. Patterson*, 32 Mo. 357, that an action for dower was not barred by the act of February 24, 1847 (Acts 1847, p. 94), which, except as to the period of time required, is the same as section 3219. That case was decided, and doubtless had to be decided, without reference to subsequent legislation.

The practice act adopted in 1849 (Acts of 1848-9, p. 73) abolished all distinctions between actions at law and suits in equity, and declared that thereafter there should be in this state but one form of action, which is denominated a "civil action."

The first section of the second article repealed certain sections of the Revised Statutes of 1845, concerning the limitation of personal actions and substituted others. The second section declared that "civil actions" embraced within the article could only be commenced within the time prescribed in sections which follow, "except where, in special cases, a different limitation is prescribed by statute;" and the next section contains the catch-all clause, as it is called, namely, "Third, actions for relief not herein otherwise provided for." As said in *Hunter v. Hunter*, 50 Mo. 445, this clause seems to have been made to cover equitable cases as well as others not falling under any other part of the statute. This history of the legislation shows clearly that it was the policy of the legislature in 1849 to fix a period of limitation for all "civil actions." Dower is a civil action, and we believe such an action would have been held to be barred in the case of *Littleton v. Patterson*, *supra*, either by the first section of the act of 1847, or this general clause in the act of 1849, had the court been called upon to consider the statutes as a whole; but the cause of action there appears to have accrued before the adoption of the act of 1849. Which of the sections would have been applied is not material at this time in this case.

These sections of the acts of 1847 and 1849 were carried into the revision of 1855, and combined in one act, passed as such, concerning the limitation of actions. They were again reënacted in 1857 (Acts of 1856-7, p. 76), probably because the revised bill of 1855 had no enacting clause. Thus the law continued until the revision of 1865, when these sections appear just as they

are at the present time. It was thus, for the first time, section 3228 read: "Civil actions, 'other than for the recovery of real property,' can only be commenced within the time" prescribed in sections which follow. The words just quoted exclude actions for the recovery of real estate, and hence the general clause of section 3229 cannot be held to apply to an action for dower. But we are satisfied the legislature made the sections assume that form because it intended that the previous section, now section 3219, should include all actions for the recovery of lands or the possession thereof, the action for dower included. This we can hardly doubt if we consider the history of the statutes and pay any regard to the legislative policy to provide a limitation for all actions so clearly indicated.

We are the less embarrassed in reaching the conclusion just stated, because some courts have held dower to be barred by statutes, in form, like section 3219. Thus in *Jones v. Powell*, 6 Johns. Ch. 196, the chancellor said: "The same general statute declares that no action for the recovery of any lands, etc., shall be maintained, etc., unless on a seisin or possession, etc., either of the plaintiff, etc., or of the ancestor or predecessor of the plaintiff, within twenty-five years before such action is brought. The general and sweeping language of this act, no less than the sound policy of it, would dictate the application of it to the action of dower as well as to any other real action." In Arkansas it is held that, where a purchaser is in possession, holding adversely, the statute of limitations will bar the widow's claim for dower. *Livingston v. Cochran*, 33 Ark. 294; *Stidham v. Matthews*, 29 Ark. 660. By reference to *Danley v. Danley*, 22 Ark. 263, it will be seen their statute is the same as ours.

Again, the reason assigned for excluding actions for dower from statutes formulated after the English statute are, that the statute presupposes a previous seisin as

possession, from the expiration of which the limitations must commence; that dower can have no limitations from the disseisin of the husband, nor from the widow's own seisin, because she has no right of entry or of actions for possession until dower is assigned. *Littleton v. Patterson, supra.* In some cases, as where the husband alienates the land during marriage, the right of dower then being inchoate, the wife has and can have no immediate action for the assignment thereof, and the limitation can only commence after the death of the husband. But we have seen that, by the statute law of this state, the action for the dower is of itself a possessory action. It need not be followed, as under the old writs, by an act of ejectment. The judgment is equivalent to a judgment in ejectment, and it gives her actual possession of that estate of which she is deforced.

Again, by the statute law of this state, the widow's right to tarry is not limited to forty days. She has the right to hold and enjoy the mansion-house and plantation thereto belonging, free of rent, until dower is assigned, no matter if it be for the remainder of her life. This estate she may recover by an action of ejectment. *Roberts v. Nelson,* 86 Mo. 22, and cas. cit. ; *Holmes v. Kring,* 93 Mo. 452. Kent, speaking of such statutes as this, says that upon the death of the husband the widow "is by law deemed in possession, as a tenant in common with the heirs, to the extent of her right of dower; and her right of entry does not depend upon the assignment of dower, which is a mere severance of the common estate." 4 Kent Com. [13 Ed.] 62. Of course this right to occupy the mansion, etc., is not the same thing as dower, but the two estates are closely connected, the continued existence of the former depending upon the non-assignment of the latter.

Now, if the statute read in substance, that no action for the recovery of lands, etc., or for the recovery of the

possession thereof shall be maintained unless the action is brought within, etc., after the cause of action accrued to the plaintiff, or person under whom he claims, there can be no doubt but the action for dower would be included. This is the effect which we give to the statute in other cases. It is its meaning as indicated by the disability sections. As a general rule, when we adopt a statute from another jurisdiction, we take it with the construction which has been given to it in that jurisdiction; but where one or more sections are formulated after these old English statutes we must construe our own enactments in the light of the whole body of our statute law upon the same general subject. With the before-noted added statutory incidents to the dower estate, and giving due consideration to the legislative policy of the state to quiet vexatious litigation by fixing a period of limitations for all civil actions, we are bound to say, and do hold, that the action for the assignment of dower is within the limitation prescribed by section 3219, Revised Statutes of 1879; that the statute will not begin to run until the cause of action has accrued. Of course, to put the statute in operation the possession must be adverse.

It is conceded that the act of March 22, 1887 (Acts of 1887, p. 177), has no application to this case, and hence we are not concerned with it here. It was probably passed because of the decision in *Johns v. Fenton*, 88 Mo. 64. In that case the defence interposed was staleness of the demand, not an actual bar by the statute. What was said in respect of the statute of limitations was but following the case of *Littleton v. Patterson*, *supra*, and that, too, without our attention being called to the radical changes made in the statutes by the act of 1849.

The judgment in this case is, therefore, affirmed. All concur, except Ray, J., absent.