BEARD, *Appellant,* v. HALE.

**Dower**: STATUTE OF LIMITATIONS. An action for assignment of dower is an action to recover real estate, and is barred by the ten years statute of limitations. (R. S., 1879, sec. 3219. *Robinson v. Ware,* 94 Mo. 678, *affirmed*).

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*W. W. Fry* for appellant.

(1)  It has been said that "tenant in dower is so much favored as that it is the common by-word of the law that the law favors three things, life, liberty, and dower." 1 Wash. Real Prop., sec. 147; Schouler Dom. Rel. 183. Limitation of actions is a statutory provision and should be closely construed. Unless the statute in specific terms limits the action for dower the courts will not presume such actions were intended to be barred. Ours is a general statute of limitations and is no bar to a suit for dower. Wood on Lim. of Act. 584. Our legislature so construed our statute and has amended it, specifically limiting actions for dower. Laws 1887, p. 177. (2) The statute of limitations does not commence to run until dower is assigned. Dower had not been assigned appellant, and the court erred in finding for defendant. *Littleton v. Patterson,* 32 Mo. 357; *Johns v. Fenton,* 88 Mo. 64; *Dyer v. Wittler,* 89 Mo. 95. (3) This action is not barred by section 3219 of Revised Statutes, because it is not an "action for the recovery of any lands, tenements, or hereditaments, or

for the recovery of the possession thereof;" it is to have dower assigned. An unassigned dower "is neither a title nor an estate" and "will not sustain an action in ejectment." *Benoist v. Murrain*, 47 Mo. 539. But respondent claims this to be a "civil action," within section 3229, Revised Statutes, under third subdivision, as an "action for relief not herein otherwise provided for." We insist that this was not intended to include dower because that action was not specifically mentioned. Wood on Lim. of Act. 584. That until dower is assigned there is no "right of action" for the statute to run against. *Johns v. Fenton*, 88 Mo. 64. That the third subdivision of section 3229, which reads, "actions for relief not herein otherwise provided for," refers to actions of like character to actions in said section specifically mentioned. The word herein refers only to section 3229 and the third subdivision, to actions in writing not otherwise provided for in the first and second subdivisions of said section, and could not include actions for dower. This general clause following the particular provisions mentioned is construed to apply to such like actions as are mentioned in the prior part of the section. *State v. Turner*, 21 Mo. App. 324; *City v. Laughlin*, 49 Mo. 559; *City v. Thompson*, 19 Mo. App. 523.

*G. B. McFarlane* with *Karnes & Krauthoff* for respondent.

(1) The proceeding for the recovery of real estate is a "civil action," within the meaning of section 3228. R. S., secs. 3461, 2206, 2208. The proceeding for the assignment of dower is not an action "for the recovery of real property," within the meaning of the statutes of the state. Acts 1849, p. 76; R. S. 1865, p. 745; R. S. 1879, secs. 3219, 3229; *Littleton v. Patterson*, 32 Mo. 364. (2) The third clause of section 3229 is broad enough to

include dower. The courts apply the general statute of limitations to actions for dower when it can be done without doing violence to the language of the statute. *Converse v. Wright*, 6 N. J. Eq. 615 ; *Tuttle v. Wilson*, 10 Ohio, 24 ; *Richard v. Talbird*, Rice [S. C.] Eq. 158 ; *Spencer v. Weston*, 1 Dev. & B. [N. C.] 214 ; *Sturges v. Hillen*, 5 G. & Johns. [Md.] 121 ; *Tarry v. Minor*, 1 S. & M. [Miss.] Ch. 489 ; *Simondson v. Houston*, 78 N. C. 408 ; *Kinsolving v. Pierce*, 18 B. Mon. 782 ; *Harding v. Church*, 20 Ind. 73 ; *Rice v. Nelson*, 27 Iowa, 148 ; *Felch v. Finch*, 52 Iowa, 563 ; *Case v. Kellen*, 27 P. F. Smith [Pa.] 487. (3) Some courts have barred the action in spite of the statutes. *Robinson v. Miller*, 2 B. Mon. 184 ; *Stieger v. Hillen*, 5 Gill & J. 121 ; *Barksdale v. Garrett*, 64 Ala. 277 ; *Dudley v. Daniel*, 12 Ark. 263. (4) It is the policy of the age to apply the statutes to these actions, as appears from legislation on the subject. Pub. Stat. Mass. 1882, p. 742, sec. 14 ; Gen. Stat. N. H. 1878, p. 510, secs. 1 to 10 ; Alabama Code, 1876, sec. 2251 ; Missouri Acts, 1887, p. 177. (5) Text writers generally give the opinion from reason and authority that the statute should be applied to dower if by a reasonable and liberal construction it is not excluded. 1 Wash. Real Prop. [4 Ed.] 266 ; 2 Scrib. Dower [2 Ed.] 559, 580 ; Angell on Limitations, sec. 367. (6) This court has given the broadest constructions to our statute of limitations. *Hunter v. Hunter*, 50 Mo. 451 ; *Rodgers v. Brown*, 61 Mo. 191 ; *Bush v. White*, 85 Mo. 339.

SHERWOOD, J.—Action for assignment of dower ; plea, the statute of limitations. The evidence shows sale of the land by the administrator of the estate of plaintiff's former husband in 1864, immediate possession taken by the purchaser, and that he, and those claiming under him, have been in adverse possession ever since. This action was brought in 1884. The court below ruled that the statute had run, and consequently found in

favor of defendant. In the case of *Robinson v. Ware,* 94 Mo. 678, an action of the same nature as the present one was decided the same way. That case dominates this one, and the judgment is affirmed. All concur, but Ray, J., absent.