CHOUTEAU, *Appellant*, v. RIDDLE *et al.*

Division Two, May 31, 1892.

1. **Mortgagor and Mortgagee:** ADVERSE POSSESSION. A mortgagor in possession does not hold adversely to the mortgagee, so long as the relation of mortgagor and mortgagee exists.

2. ——: ——. The friendly relation between the mortgagor and mortgagee will be regarded as continuing until disclaimed by declarations or acts unmistakably hostile.

3. **Mortgage:** PURCHASER OF EQUITY OF REDEMPTION: PRESUMPTION OF PAYMENT. A purchaser from the mortgagor with actual or constructive notice of the mortgage stands in the shoes of the mortgagor, and can avail himself of the presumption of payment only where the mortgagor could have done so under like circumstances.

*Appeal from Stoddard Circuit Court.*—HON. J. G. WEAR, Judge.

REVERSED AND REMANDED.

*Houck & Keaton* for appellant.

(1) Defendants held only the equity of redemption which had been foreclosed. *Grandy v. Casey*, 93 Mo. 595; *Smith v. Lindsey*, 89 Mo. 76. And it was clearly erroneous to exclude the sheriff's deed as evidence. (2) It was perfectly competent to show by this deed offered by plaintiff, that plaintiff had the superior title as derived from the common source of title, and it was clearly error to exclude said deed as evidence of this fact. See cases, *supra*. (3) The statute of limitations did not begin to run in favor of defendants or those through whom they claim, until the maturity of the bonds secured by the deed of trust given by the Cairo & Fulton railroad, dated in May, 1857, to-wit, October 1, 1882. *Bush v. White*, 85 Mo. 339; *Lewis v. Schwenn*, 93 Mo. 26; *Atchison v. Pease*, 96 Mo. 566. (4) It was clearly reversible error to admit the quitclaim deed from James A. Cooper to defendants' father, and, especially after the testimony of Frank Riddle pointing to the true source of title, and showing the almost total want of consideration in the deed, without requiring defendants to show good faith in their claim of title from Cooper. *Bent v. Lewis*, 88 Mo. 462. It is incumbent on defendants claiming title by limitation to show good faith in same. *Crispen v. Hannavan*, 50 Mo. 536. (5) It was also error to give the second instruction asked by defendants for the reasons above indicated. (6) Ejectment is an action to try title, and the court clearly erred in refusing plaintiff's first instruction. *Clarkson v. Stanchfield*, 57 Mo.

573; *Chapman v. Dougherty*, 87 Mo. 617. (7) It was error to refuse plaintiff's second instruction, as there was evidence to support same without the deed offered in rebuttal. Authorities, *supra*, and R. S., sec. 6764. (8) The finding and judgment are manifestly against the law and evidence offered, and this court will reverse the same. *Ackley v. Staehlin*, 56 Mo. 558; *Garrett v. Greenwell*, 92 Mo. 120.

*S. M. Chapman* for respondents.

(1) Appellate courts will reverse the judgment and findings of the trial court only when it is apparent that error has been committed "materially affecting the merits of the action." R. S. 1889, sec. 2303; Green & Myer's Missouri Practice, sec. 1168; *Gobins v. Hudgens*, 15 Mo. 400; *Miller v. Graham*, 41 Mo. 509; *Thompson v. Foerstel*, 10 Mo. App. 291; *Hunter v. Miller*, 36 Mo. 143; *Orth v. Dorschlein*, 32 Mo. 366. "And he who alleges error must prove it, as every presumption will be made in favor of the correctness of the lower court." *Welsh v. St. Louis*, 73 Mo. 73, and cases cited. (2) Adverse possession for ten years under "color of title" will not only bar an action of ejectment by prior claimants, but confer title upon the adverse occupant and claimant. R. S. 1889, secs. 6764, 6768; *Farrar v. Heinrich*, 86 Mo. 530, and cases cited; *Land Co. v. Hays*, 105 Mo. 143. The rule of law, as above stated, is too firmly established to justify further citation of authority. (3) Any instrument of writing having a grantor and grantee, containing a description of the lands intended to be conveyed, so executed as to entitle it to be recorded, is "color of title," and when duly recorded is notice to all the world that the occupant, under such deed or writing, claims the title and ownership. 3 Washburn on Real Property [3 Ed.] p. 138; 3 Wait's

Actions & Defenses, pp. 17, 18. It is "the possession that bars the owner of a recovery," and not the "deed or instrument of title." *Weber v. Anderson,* 73 Ill. 442. "A claim of title, even under a paper altogether void and inoperative as a deed, will yet characterize a possession as adverse within the statute of limitations." *Hunter v. Church,* 24 Wend. (N. Y.) 587.

MACFARLANE, J.—This suit is ejectment to recover possession of two hundred and forty acres of land in Stoddard county. The answer admitted the possession, denied all other allegations and set up a plea of statute of limitation.

On the trial plaintiff read in evidence a deed by the Cairo & Fulton Railroad Company, John Moore and others as trustees, to secure sixteen hundred bonds of said company of $1,000 each. This deed was dated May 23, 1857, and conveyed to the trustees the railroad property, and lands of this company, consisting of four hundred thousand acres, and including that in suit.

The bonds were made payable in 1882, with interest at seven per cent., payable semi-annually. This deed and the bonds and obligations were upon eight conditions and agreements, the second of which was as follows: "That, from and after the due execution and delivery of this instrument, the said lands shall be deemed and taken to be in the legal possession and control of the said parties of the second part, as in case of absolute title in fee simple, with full covenants of seizure and warranty; subject only to such occupancy and right of way, and the right to take timber and other material from any part or parcel thereof, as may be necessary in the construction, maintenance and

VOL. 110—24

operation of the railroad of the said parties of the first part, and the branches and connections thereto."

The third condition and agreement authorized the trustees to make private sales of all or any of the lands at certain prices, thereafter to be fixed, and make deeds to the purchasers and apply the purchase money to the payment of bonds. It was also provided that deeds by the trustees should operate as releases of the land conveyed from the lien of the trust deed, and that all the land should remain subject to the liabilities and uses of the trust until released and discharged as provided.

In 1882 the railroad company, being in default, a judgment of foreclosure was rendered against it, the land sold thereunder, and the tracts in controversy bought by plaintiff to whom a deed was made, dated October 26, 1882, which was also read in evidence. Plaintiff also read a deed from the state conveying the same land to said railroad company, which was dated April 20, 1857.

Defendant read a quitclaim deed, dated September 21, 1867, from one James A. Cooper and wife, conveying the land to Charles Riddle. Frank Riddle, son of Charles Riddle, testified that his father, who is now deceased, took possession of the land about twenty-five years ago. He got James Cooper to bid in the land for him. Cooper bought it in his own name and deeded it to his father. Defendants are children of Charles Riddle; some one of the family has been in possession of the land claiming it continuously since his father took possession.

In rebuttal plaintiff read in evidence a sheriff's deed, reciting a sale and conveyance by the sheriff to James A. Cooper under a judgment against the Cairo & Fulton Railroad Company. This deed recited a con-

sideration of $10.80, and was dated September 13, 1867. All the deeds were duly recorded.

The court sitting as a jury found for the defendants, and plaintiff appealed.

From the finding of the court upon the evidence, and from the instructions given and refused, it is clear the court held that defendants had acquired the right to the possession of the land by reason of the adverse possession thereof by themselves and their ancestor, under the deeds from the sheriff to Cooper, and from Cooper to their ancestor, Charles Riddle.

The following declaration of law was asked by plaintiff and refused: ''If the court finds from the evidence in this case that the defendants are holding under and through the Cairo & Fulton Railroad Company by means of conveyances from said railroad company subsequent to the execution of said deed of trust above mentioned, and none other, and that the bonds mentioned in said deed of trust matured less than ten years next before the bringing of this suit the court will find that the possession of the defendant was not hostile or adverse to the plaintiff holding under title and deed, under foreclosure proceedings under said deed of trust, until the maturity of said bonds so secured.''

The court gave this declaration of law asked by defendant: ''The court further declares the law to be that if the defendants and those under and through whom they claim have been in the open, notorious and adverse possession of the premises in suit continuously for ten years or more, next before the commencement of this suit, under color of title as above defined, claiming the ownership of said premises, then plaintiff cannot recover.''

It has been held by this court in a number of recent decisions, and it must be regarded as a settled rule in

the state, which is also in accord with the current of decisions elsewhere, that the mortgagor in possession of the mortgaged property does not hold adversely to the mortgagee, so long as the relation of mortgagor and mortgagee exists.    The relation is created by voluntary contract, and in its inception is friendly, and the possession permissive, and will be regarded as continuing so, unless disclaimed by declarations or acts unmistakably hostile.    *Booker v. Armstrong*, 93 Mo. 55; *Gardner v. Terry*, 99 Mo. 524; *St. Louis v. Priest*, 103 Mo. 654.

The grantee of a mortgagor with constructive notice of the mortgage stands in no better situation than his grantor, and can no more avail himself of the statutes of limitation as a bar to a foreclosure, or to an action for possession by a purchaser under a foreclosure sale.    "A purchaser with actual notice of the mortgage, or constructive notice by means of a registry, can avail himself of the presumption of payment from lapse of time only when the mortgagor could avail himself of it under the same circumstances. The grantee succeeds to the estate and occupies the position of his grantor.    He takes subject to the incumbrance, and his title and possession are no more adverse to the mortgagee than was the title and possession of the mortgagor."    2 Jones on Mortgages, sec. 1202; *Lewis v. Schwenn*, 93 Mo. 29; Sedgwick & Wait on Trial of Titles, sec. 751; *Whittington v. Flint*, 43 Ark. 505; 1 Encyclopedia of Law, 245; *Hodgdon v. Heidman*, 66 Iowa, 647.

The ancestor of defendants only acquired under his deed the interest thus held by the railroad company, the equity of redemption.    Under the terms of the deed of trust, of which the grantee had constructive notice, this equity was subject to foreclosure and sale in 1882 should default be made in the payment of the bonds. If the defendants held under the railroad company,

they held subject to the deed of trust, and their possession did not become adverse to the trustees and holders of the bonds by reason of their open possession, improvement and cultivation of the land, or other acts of absolute ownership.

The provision contained in the mortgage, that after its execution and delivery "the said lands shall be deemed and taken to be in the legal possession and control of the trustees as in case of absolute title in fee simple," does not render the actual possession by the mortgagor adverse to the rights of the trustees. The relation between mortgagor and mortgagee or trustee is one of trust, confidence and friendship, and not of hostility, and the possession of neither can be deemed adverse to the other until condition broken. The statute operates upon adverse, hostile possession, and not permissive possession.

Beside the rule of law drawn from this relationship to each other of the parties to the deed of trust, it was expressly provided in the deed, what the deed implied, without such provision, that each and every tract of land conveyed was and should remain subject to the liabilities and uses of the trust until released and discharged as therein provided. The bonds running for twenty-five years this provision was a direct caution to persons who might acquire the equity of redemption, that the same continued subject to the trusts, unless released therefrom as was provided therein.

We think the court erred in refusing the declaration of law asked by plaintiff, and in giving that asked by defendant.

Judgment reversed and cause remanded. All concur.