Null v. Howell.

NULL et al., *Appellants*, v. HOWELL.

Division Two, July 1, 1892.

1. **Dower**: VESTING OF ESTATE OF INHERITANCE. An unassigned right of dower, and the occupancy by the widow of the land of her deceased husband, will not prevent the vesting of the estate of inheritance in the husband's heir.

2. —— : ——. The wife of the heir, on her marriage to him, becomes vested with the inchoate right of dower in such land, which right becomes consummate on the heir's death.

3. —— : STATUTE OF LIMITATIONS. An action for dower is one for the recovery of real estate, and the statute governing the limitation of such actions applies to it.

4. —— : ADVERSE POSSESSION. The possession of a widow under her quarantine right is not adverse to the heirs of her deceased husband or their assigns.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. H. Kennan* for appellants.

James Y. Howell, Jr., was seized of an estate of inheritance in the undivided one-half of said land, during his marriage with Isabella, subject to the dower of his mother, Louisa, and under section 4546, Revised Statutes, 1889, page 1039, he was entitled to the immediate possession of two-thirds of the one-half of said

land, and could have moved at any time before his death; and obtained possession of two-thirds of the one-half of said land, under said section 4546, and his failure to avail himself of the right he had to the immediate possession of said two-thirds of one-half of said land during his life cannot and does not, in any way, affect the dower rights of his widow, Isabella, to two-thirds of one-half of said land. Revised Statutes, 1889, sec. 4535, p. 1037. Plaintiff Isabella is entitled to dower in the undivided two-thirds of one-half of said land. 1 Washburn on Real Property [4 Ed.] sec. 29, p. 258; *Elwood v. Klock*, 13 Barb. 50; Tiedeman on Real Property, sec. 145, and authorities cited; *McLeary v. McLeary*, 65 Me. 172; 20 Am. Rep. 683; 4 Kent, 64. There is nothing in the defense of statute of limitation. Louisa had possession of land from 1861 until her death in 1889. Defendant does not claim under Louisa, his mother. *Bradley v. West*, 60 Mo. 40.

*Martin & Avery* for respondent.

(1) The word "seizin," as used in our statute, implies either actual possession or the right of immediate possession in the husband during the coverture with plaintiff. *Warren v. Williams*, 25 Mo. App. 22; *Gentry v. Woodson*, 10 Mo. 224. (2) When James Yancy Howell, Sr., died, in 1861, Louisa Howell, his widow, became entitled to remain in and enjoy the mansion house and messuages or plantations thereto belonging until her dower had been assigned. General Statutes, 1865, sec. 21, p. 522. And this right is exclusive in the widow of said James Yancy Howell, Sr., as well, against his heirs as every one else. *Holmes v. Kring*, 93 Mo. 452. (3) Louisa Howell's dower was never assigned, and her right to the mansion house and lands remained in, and was exercised by, her until her death,

in 1889, and, although during the lifetime of James Y. Howell, Jr., he lived upon the lands with Louisa Howell, yet he could only have done so by her permission, and not by any independent right of his own as heir of James Yancy Howell, Sr.  In other' words he occupied the land as tenant-at-will of said Louisa Howell, as she could have, at any time before her dower had been assigned, ejected him from the place, *Miller v. Talley,* 48 Mo. 503; *Holmes v. Kring,* 93 Mo. 452; *Roberts v. Nelson,* 86 Mo. 21; *Brown v. Moore,* 74 Mo. 633. (4)   If plaintiff was entitled to dower in the lands, her cause of action to have dower assigned accrued to her upon the death of her husband in 1878.  She did not commence this suit until April, 1889, more than ten years after her cause of action accrued, and, hence, her claim, if any, is barred.  *Beard v. Hale,* 95 Mo. 16; *Robinson v. Ware,* 94 Mo. 678.

MACFARLANE, J.—Action for assignment of dower in certain lands in Lincoln county and for damages. Answer, general denial and statutes of limitation.

On the trial it was agreed that James Y. Howell, Sr., died in 1861 seized in fee of the lands in dispute, and in the actual possession thereof, leaving his widow Louisa Howell and two children, James Y. Howell, Jr., and defendant, J. W. Howell, surviving him.  The widow and children continued the occupancy of this land and the residence thereon after the death of the husband and father.  Dower was never assigned to the widow.  In March, 1876, James Y. Howell, Jr., married plaintiff, and she and her husband lived together until his death, May 2, 1878.  The widow of James Y. Howell, Sr., died March 2, 1889.  Defendant has been in the exclusive possession since her death. Plaintiff was married to C. M. Null, May 22, 1879, and has never relinquished her dower in said land.

Upon this state of facts the court gave a declaration of law to the effect that under the pleadings and the agreed facts plaintiffs are not entitled to recover.

Counsel have argued but two points, and are agreed on all other legal propositions. It is agreed that James Y. Howell, Jr., inherited from his father an undivided one-half of the land in dispute subject to the rights of the widow of his father.

Defendant insists, *first*, that James Y. Howell, Jr., never, during his marriage with plaintiff, had such seizin in the land as invested her with a right of dower therein; and, *second*, if he had such seizin that plaintiff's right of action accrued upon the death of her husband, James Y. Howell, Jr., May 2, 1878, and when this suit was commenced her right of action was barred by limitation.

I.  The first question for consideration is, whether the intervening quarantine and dower rights of the widow of James Y. Howell, Sr., prevented the seizin of his heir-at-law, the husband of plaintiff. We think not. The rule at common law is that the husband must be vested with the freehold and inheritance "at once and together," in order that the dower right of the widow should attach. Hence, there could be no dower in lands assigned as dower. The interposition of the life-estate of the widow would prevent the necessary seizin of the husband. 1 Scribner on Dower, 233, sec. 10; 2 Scribner, 324; 5 American & English Encyclopedia of Law, 893; *Warren v. Williams*, 25 Mo. App. 23.

If, therefore, the dower of the widow of Howell, Sr., had been assigned before plaintiff married Howell, Jr., then plaintiff would have taken no dower in the lands so assigned, but she would have been entitled to dower in the lands remaining after the assignment.

An intervening estate less than a freehold, such as estates for years, are mere chattel interests, and do not prevent the seizin of the husband, and the wife will be endowed of the lands held by another under such interests. 1 Scribner on Dower, 233, sec. 11. "If there be no assignment of dower to the ancestor's widow, the seizin or estate in possession which descended upon the heir is not defeated to any extent, and consequently his widow is entitled to dower in the entire premises." 1 Scribner, 326.

The right of the widow " to remain in and enjoy the mansion house of her husband and the plantation thereto belonging" barely reaches the dignity of a tenancy at will. BLISS, J., in speaking of such interests says: "It can hardly be called an estate, though it is somewhat analogous to one at will; still it is a clear statutory right, and can only be terminated by an assignment of dower." *Miller v. Talley*, 48 Mo. 504.

The husband of plaintiff, upon the death of his father, inherited the undivided one-half of this land, subject only to the unassigned dower of the widow and her temporary right of occupancy, neither or both of which together prevented the vesting of the estate of inheritance. Upon the marriage of plaintiff her inchoate right of dower vested immediately, and was consummate upon the death of her husband. Actual possession of the husband was not essential to the right of dower attaching. Revised Statutes, 1879, sec. 4535; *Davis v. Evans*, 102 Mo. 165.

II. We are satisfied also that the action is not barred by the statute of limitations. It is now settled in this state that the action for dower is an action for the recovery of real estate, and the statute governing the limitation of such actions applies to it. *Beard v. Hale*, 95 Mo. 16; *Robinson v. Ware*, 94 Mo. 678; *Sherwood v. Baker*, 105 Mo. 478. Under that statute

there is no bar unless there has been an adverse possession of the land by the defendant or those under whom he claims for ten years. The right of dower must have been extinguished by an adverse possession. *Sherwood v. Baker, supra,* and authorities cited.

It is well settled that the possession of the widow, under her quarantine right, is not adverse to the heirs of her deceased husband or their assigns. *Brown v. Moore,* 74 Mo. 633; *Roberts v. Nelson,* 87 Mo. 229; *Hickman v. Link,* 97 Mo. 482. In *Hickman v. Link, supra,* it was held that, while the widow's possession was not adverse to the heirs, "it was evidently adverse to all the world, except those who may be entitled to the property on the expiration of her estate." The widow remains in the mansion house and occupies the plantation by the sufferance of the heir or those claiming under him. Her possession is in no sense hostile or adverse to either. Forbearance on the part of the heir to terminate the quarantine rights of the widow has been properly commended by the courts. *Brown v. Moore, supra.* The heir is usually the child of the widow. The relation of the two widows one to the other should be of the closest and friendliest character. Plaintiff, in this case, only followed the course pursued by her husband, when she refrained from disturbing the possession of the widow of the ancestor of her husband. For this she should also be commended. The possession was permissive from the beginning, " and will be regarded as continuing so, unless disclaimed by declarations or acts, unmistakably hostile." *Chouteau v. Riddle,* 110 Mo. 366.

Reversed and remanded. All concur.