MARY LITTLETON, Respondent, v. WINIFRED PATTERSON, Appellant.

*Limitations.*—The act limiting actions for the recovery of real estate, of February 24, 1847, and the same act R. C. 1855, p. 1045, does not include the limitation of suits for dower.

*Appeal from St. Louis Land Court.*

The plaintiff sued the defendant in the St. Louis Land Court, for dower, beginning the suit February 23, 1859.

Among other defences, defendant answered that she, and those through whom she derived her title, had been in the continuous possession of the lot in which dower was sought

more than ten years before the commencement of this suit, claiming the same adversely to all the world; and that plaintiff had not claimed dower therein for more than ten years next before the commencement of this suit.

Upon the plaintiff's motion, the court struck out this defence; to which decision of the court the defendant duly excepted.

Upon the trial the following facts were agreed to, to-wit: That the plaintiff was married to William Littleton in 1828; that he died January 4, 1849; that on the 3d June, 1839, he was entitled to and possessed of said lot, and on this day he conveyed the same to Bernard Finney, in the deed whereof his wife, the plaintiff, joined; that the certificate of her acknowledgment was in due form in all respects, except that it omits to certify that she acknowledged the same in examination apart from her husband, and that there was a privy examination of the wife; that said deed was immediately recorded; that parties deriving from said Finney title to said lot, including the defendants, took possession of said lot prior to 1847, and ever since have had it, claiming the same adversely to all others; that plaintiff did not claim dower therein within twelve months after Littleton's death, nor was she informed by defendant, or any of those she claimed under, during this period of time, that they denied plaintiff's right of dower therein.

Under these facts, the court decided that plaintiff was entitled to dower in said lot; and dower was adjudged accordingly, in money, under a jury's verdict, the lot not being susceptible of a division. A motion was made for a new trial, and overruled, to which decision exception was duly taken, and from the judgment for the plaintiff the defendant appealed to this court.

*Todd*, for appellant.

The law of this State, passed in 1847 and still subsisting, limiting "the time for commencing actions relating to real property," is applicable to and embraces the action for the

recovery of dower. (Sess. Acts 1847, p. 94 ; Jones v. Powell, 6 J. Ch. Rep. 194–197 ; Tuttle v. Wilson [Wilcox], 10 Ohio, 24 ; Berrien v. Conover, 1 Harrison, 107, N. J. ; Ramsey v. Dozier, 1 Const., S. C., 112 ; 4 Kent's Com. 62, 72, 69 ; Stokes v. McAllister, 2 Mo. 164 ; Park on Dow. 311 [margin], 9 vol. Law Lib. ; Ang. on Lim. 379–81.)

The kind of actions limited are expressed in these words : " No action for the recovery of any lands, tenements, or hereditaments, or for the recovery of the possession thereof," etc.

No language could be more effectual or operative to embrace every kind of action whose object was and whose successful judgment would be a recovery of the possession of the land. " No action " is an absolute and universal negation of every and all kinds of action, purely " real " or " mixed," in law or equity, whose common demand and judgment be a "recovery of the possession of land," etc. The acts of New York, New Jersey, South Carolina, and of Ohio, under consideration in the cited cases, are not of broader terms, nor do they agree in terms, and resort is had in construction, in the New Jersey and New York cases, to the proper policy and spirit of the act.

The Ohio and New York cases decide that the action for dower is a possessory action. (See, also, 4 Kent's Com. 72, 62, 69 ; and 2 Mo. 164, Stokes v. McAllister, referred to.)

The South Carolina case decides it to be a real action. (Also see p. 379 Ang. on Lim.)

The New Hampshire and Massachusetts courts admit that this action is one for the recovery of land. (3 N. H. 127 ; 4 N. H. 107, 109 ; 7 Mass. 26, 27 ; 1 Dev. & Bat., N. C., turns upon the special words of the N. C. law, p. 215.)

1 Dudl. Ga. 126 (Wakeman v. Roache), and 10 Yerg. Tenn. 339, 341, turn upon several reasons; and especially, as it appears, for the reason that the possession of the heir and legal representatives of the husband cannot be deemed adverse to the widow, the suits in those cases being against such persons.

It extends the class of persons under whose seizure or pos-

session claimants shall be limited, so as to embrace the seisin and possession of any and all persons. The legal operation of this is to embrace all rights and titles depending upon a prior seisin or possession as an essential to the right.

The right of dower is one of these : seisin, marriage, and death—each and all being essential to it. And without this extension the case of dower might be said to be omitted, because the husband is neither " ancestor," " predecessor," or " grantor " of the wife.

The act of 1847 differs from those of 1835 and of 1845 in this important respect again, besides the answer already made to those decisions of New Hampshire and Massachusetts.

*Lackland, Cline & Jamison,* for respondent.

I. So far as we are able to perceive, the only question arising upon the record is whether the statute of limitations, passed February 2, 1847 (Sess. Acts 1847, p. 94), is a bar to an action for dower. As it appears by the record that William Littleton, the husband of the plaintiff, died 4th January, 1849, the above statute is supposed to be applicable to the case.

The English statute, 21 James I., chap. 16, § 1; and 32 Henry VIII., chap. 2, were never held to bar suits for dower.

The section of the statute of limitations of Missouri is framed in analogy to the statute of 32 Henry VIII., chap. 2, which is as follows, to-wit:

" No manner of person or persons shall, from henceforth, sue, have or maintain any suit or right, or make any prescription, title or claim, of or to any manor, lands, tenements, rents, annuities, commons, pensions, portions, corrodies, or other hereditaments of the possession of his or their ancestor or predecessor, and declare and allege any further seisin or possession of his or their *ancestor or predecessor,* but only of the seisin or possession of his ancestor or predecessor which hath been, or now is, or shall be seized of the said manors, lands, tenements, rents, annuities, commons,

pensions, portions, corrodies, or other hereditaments, within three-score years next before the teste of same writ, or next before the said prescription title or claim so hereafter to be sued, commenced, brought or had."

In Comyn's Digest, Temp. G. 9, it is said: " But the statute 32 Henry VIII., c. 2, does not extend to a writ of right of dower; for the plaintiff does not count of her possession, nor of the seisin of any ancestor, and therefore it is out of the statute."

In Moore v. Frost, 3 N. H. 126, it was held that if the above statute applied to suits for dower, it did not begin to run from the time the husband ceased to be seized, but merely from his death.

In the case of Bernard v. Adams, 4 N. H. 107, the point was fairly met, and the court decided that the above statute was not a bar to a suit for dower.

The following authorities, as well as those heretofore cited, seem to establish the proposition that a general statute of limitation is no bar to a suit for dower, unless such suit be specifically named or included by irresistible implication : May v. Rumny, 1 Mich. 1; Campbell v. Murphy, 2 Jones' Chy., S. C., 357; Keddall v. Trumble, 1 Md. Chy. Dec. 143; Spencer v. Weston, 1 Dev. & Bat., N. C., 213; Durham v. Angier, 20 Me. 245; Wells v. Beall, 2 Gill & Johns. Md. 468; Jones v. Powell, 8 Johns. 103; Dellebaugh's Estate, 4 Watts, 177; Sayre vs. Wisner, 8 Wend., N. Y., 661; 1 Swift's Dig. 85, t. p. 89; Park on Dower, 311; 4 Kent's Com. 70; 1 Hill on Rl. Prop. 176-7; 1 Wash. on Rl. Est. 250, § 1 & 2.

II. The argument which pervades the cases above referred to appears to be that dower is a right *sui generis;* that the general statutes of limitations of England, as well as of the United States, including that of this State, above quoted, contemplate the case of a seisin which once existed, and from the termination of which the statute begins to run. But a widow, before assignment of dower, is not seized, and has no right of entry, nor would an entry be of any avail to her; nor has she

any right of possession; nor is she a tenant in common with the heirs. She is not entitled to an undivided third of the land, but is entitled to one third part in severalty. Her suit for dower is not of her seisin, nor of the seisin of her ancestors, nor her predecessors; neither is it an action *possessorie*. (Park on Dow. 311; 1 Hill. on R. P. 176; 7 Ga. 29; 1 Yeates, 425; 9 Mass. 13; 4 Mass. 388; 7 Johns. 247; 17 Johns. 167; 20 Johns. 411; 5 Mumf. 346; 16 Mass. 193; May v. Rumny, 1 Mich. 1; 1 Cru. Dig. 159; Coke Lit. 36, note *a.*; 16 Mass. 139.)

. It is well settled there must be an adverse possession before the statute of limitations can begin to run. (8 East. 248; 2 Bos. & Pul. 542; 1 Dall. 67; 1 Cain. 394; 1 Johns. 156; 2 Johns. 156; 2 Johns. 230; 1 Wash. 37; 4 Cranch, 367.) The widow's right to dower is not adverse to heirs or feoffee of the husband. (1 Mich. 12.)

The widow cannot enter upon the land for dower until it is assigned to her. A cause of action to recover the possession of the land does not accrue until after assignment. An action of ejectment for her dower cannot be maintained until after assignment thereof. No cause of action to recover the land, or the possession thereof, exist in behalf of a widow until after the assignment of her dower, and her application for such assignment is not within the statute. (Jackson v. O'Dougherty, 7 John. 247; Jackson v. Vanderhyden, 17 John. 167; Jackson v. Aspell, 20 Johns. 411; Wakeman v. Roache, Dudl. 123; Toaki v. Hardemann, 7 Geo. 30.)

III. The 21st section of the act of 1845 (R. C. 1845, p. 433) gives the widow four grounds upon which she may commence her suit for dower: 1st, where she is deforced thereof; 2d, where she cannot have it without suit; 3d, where her dower is unfairly assigned; and 4th, where her dower is not assigned to her within twelve months after the death of her husband.

There is no pretence that she was deforced of her dower, nor that it could not be assigned without suit; as we suppose this provision relates to cases where the parties interested are

minors, etc., who can only act through the instrumentality of a court of justice.

Nor was there any unfair assignment of her dower. The record shows simply that the dower of the plaintiff was not assigned to her within twelve months after the death of her husband.

It will be observed that the above 21st section of the act concerning dower, 1845, which is the same as the 26th section of the act of 1855, regulates the widow's right to sue for dower. Under this section, her cause of action did not accrue until twelve months after the death of her husband; so that if this case be within the statute of limitations, it did not commence to run until twelve months after the death of her husband. Her husband died on the 4th January, 1849. Under this view, her cause of action did not accrue until the 4th January, 1850; and the statute did not begin to run until the last-mentioned date; and her cause of action was not barred until the 4th January, 1860; and this suit was commenced on 23d February, 1859, which was in time.

The following cases are relied upon by appellant to show that the plaintiff's right to sue in this case is barred: Caston v. Caston, 2 Richs. Chy., S. C., 1; Lide v. Reynolds, 1 Brev., S. C., 76; Ramsey v. Dozier, 3 Brev., S. C., 246; Boyle v. Rowland, 3 Dev. Chy., N. C., 555; Wilson v. McLenaghan, 1 McM. Chy. 35; Ramsey v. Dozier, 1 Const., S. C., 112; Mitchell v. Payas, 1 Nott & Mc., S. C., 85; Berrier v. Conover, 1 Harr., N. J., 107; Torry v. Minor, 1 S. & M. Chy., Miss., 489; Tuttle v. Wilson, 10 Ohio, 24.

The above cases referred to from South Carolina were decided under a statute in the following words: " If any person to whom any right or title to lands, tenements or hereditaments shall descend or come, do not prosecute the same within five years after such right or title accrued, then he, she or they shall be forever barred to recover the same."

The case from Mississippi was decided under the following statute, passed in 1802, revised in 1816: " § 1. (Limitations of real and mixed actions, twenty years.) From and after

the passing of this act, every real, possessory, ancestral, mixed or other action for any lands, tenements or hereditaments, shall be brought and instituted within twenty years next after the right or title thereto, or cause of such action accrued, and not after, provided," etc. (Hutchinson's Miss. Code, 1798 to 1848, p. 824.)

The case from New Jersey was decided under the following statute, viz : " Every real, possessory, ancestral, mixed, or other action for any lands, tenements, or hereditaments, shall be brought or instituted within twenty years next after the right or title thereto, or cause of such action, shall accrue, and not after."

And the Ohio statute, upon which the case from that State was decided, is as follows : " No person or persons shall hereafter sue, have or maintain any writ of ejectment or other action for the recovery of the possession, title or claim of, to or for any land, tenements, or other hereditaments, but within twenty-one years next after the rights of such action or suit shall have accrued," etc.

Between the statutes of New Jersey, Ohio, South Carolina and Mississippi, above quoted, and those of England, New Hampshire, North Carolina, Tennessee, Massachusetts, Maryland, Pennsylvania, Michigan and Missouri, there are many marked differences.

By the statutes of the first four States above named, it will be perceived that limitation does not begin to run until the *cause of action accrues;* while the statutes of England and the rest of the States above named begin to run from the date of the *disseisin* or *dispossession* of the plaintiff, or those under whom the plaintiff claims.

DRYDEN, Judge, delivered the opinion of the court.

The only question arising in this case is whether the law limiting actions for the recovery of real estate, approved February 2, 1847 (Sess. Acts 1847, p. 94), and carried into the revision of 1855 (R. C. 1855, p. 1045), includes the limitation of suits for dower.

Littleton v. Patterson.

The first section of the act is as follows :

" Sec. 1. No action at law, or suit in equity, for the recovery of any lands, tenements, or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person, whether citizen, denizen, alien, resident or non-resident of this State, unless it appear that the plaintiff, his ancestor, predecessor, grantor, or other person under whom he claims, was seized or possessed of the premises in question within ten years before the commencement of such action or suit."

The second section relates to the sufficiency of an entry; and the fourth section contains a saving of those under the usual disabilities from the operation of the limitation.

The law implies a previous seizure or possession of the thing demanded; and the limitation is of the right of action or of entry caused by the disseisin, and dates from the time of the disseisin. The right limited is a *present, existing* right of action or of entry, and none the less so because the one in whom the right is vested is under some disability to sue. But the wife's right to dower is not of this sort. Until her husband's death her right is inchoate, imperfect, contingent upon her surviving him. She is not laboring under the disability contemplated by the saving clause of the statute to enforce an existing right of action, as would be the case if during coverture she was disseized of an estate that had descended to her, but she is without such right as is actionable. By the death of her husband, her right of action becomes complete. This right, however, is merely a *chose in action*, and not a right of entry or a right of action for possession, which depends for its existence on the assignment of dower; and having no right of action or of entry until dower is assigned, her rights are not within the bar of the statute.

We are sustained in the conclusion at which we have arrived by the decisions of the English courts, and of the courts of most of the American States, based upon statutes substantially like our own. A different line of decision is found in New Hampshire, South Carolina, and one or two other States,

24—VOL. XXXII.

resulting from the marked difference between their statutes of limitation and those of the States ranged on the other side of the question.

The other judges concurring, the judgment of the Land Court will be affirmed.