SAMUEL PROCTOR v. NANCY BIGELOW.

WILLIAM H. SCOTT v. NANCY BIGELOW.

*Proof of marriage—Recovery of dower.*

Marriage is provable by conduct and reputation in all civil cases involving property rights, but not in criminal cases nor actions for seduction.

The recovery of dower is barred by the statutory limitation upon actions of ejectment.

Dower, like other landed interests, can be reached only by the statutory action of ejectment.

Error to Wayne.   Submitted Jan. 17.   Decided Jan. 29.

EJECTMENT.   Defendant brings error.

*Prentis & Fox* for plaintiffs in error.

*Pendleton & Radford* for defendant in error.   In civil cases, except actions for seduction, marriage is provable by reputation, declarations and conduct of the parties, 2 Greenl. Ev., § 462; *Northfield v. Vershire*, 33 Vt., 110; 1 Greenl. Ev., § 104 a; *Evans v. Morgan*, 2 Cr. & J., 453; *Johnson v. Lawson*, 2 Bingham, 86; *Donnelly v. Donnelly*, 8 B. Mon., 113. Statutes of limitation do not apply to dower, *May v. Rumney*, 1 Mich., 1; *Wells v. Beall*, 2 Gill & J., 468; *Barnard v. Edwards*, 4 N. H., 109; *Robie v. Flanders*, 33 N. H., 524; *Tooke v. Hardeman*, 7 Ga., 20; *Spencer v. Weston's Heirs*, 1 Dev. & Bat., 213; *Guthrie v. Owen*, 10 Yerg., 339; *Parker v. Obear*, 7 Metc., 27; *Wake-*

*man v. Roache,* Dudley (Ga.), 123; *Chew v. Farmers' Bank,* 9 Gill, 361; 4 Kent's Com. [12th ed.], 70 n. *d.*

CAMPBELL, C. J. Nancy Bigelow sued for dower in lands aliened by her husband in 1838. He died in 1851. These suits were brought in 1876.

The two principal questions presented are 1, whether her marriage was proven by legal evidence; and 2, whether dower is governed by the statutes of limitation.

The marriage was proved by her son's testimony, showing that she and his father lived together and brought up a large family, treated each other on all occasions as husband and wife, were so reputed in the family and by others, addressed each other as such, and jointly signed papers in that relation.

We know of no authority which requires any better proof of marriage, unless in criminal prosecutions and cases of seduction. There is no rule of law making marriage records the best evidence in any case, and even where they exist some parol evidence is usually necessary to identify the parties, in case of any controversy. In most cases where the right to property is to be made out by proof of a marriage, the witnesses who were present are not living or attainable. One or both of the married persons must die before any inheritance or dower can exist. It would be impossible in a majority of such cases to prove a marriage by any better testimony than conduct and reputation. The general presumption in favor of legality has led to more liberal rules instead of stricter ones in modern times, as more just and reasonable. 1 Starkie Ev., 45; *Hutchins v. Kimmell,* 31 Mich., 126; 2 Greenleaf's Ev., § 462; 3 Edwards' Edition of Phillip's Ev., 599 and cases.

The question whether the statute of limitations applies to rights of dower is supposed to be decided in the negative by the case of *May v. Rumney,* 1 Mich., 1.

In that case the facts showed that James May, the

husband of the demandant, died in January, 1829, having aliened the land in dispute in 1807. On the 5th of November, 1829, a law was passed providing a short period of limitations of ten years for all real and possessory actions where the right of action had then accrued; and it was held Mrs. May's right did not come within the statute.

At the time of Judge May's death there had been no new remedy for the recovery of dower adopted, and it was left to the common-law remedies. The opinion in *May v. Rumney* discusses these fully, and points out that the remedy by writ of dower was not a possessory action, but only determined the right, which, when determined, could afterwards be enforced by ejectment. Of course, under these circumstances it would, if the views of the court were correct, preclude the operation of the short law of 1829, and no other statute was in question under the issue. The first statute passed providing a speedier remedy for dower was "An act for the speedy assignment of dower, and for the preventing of strip and waste by tenants therein," approved October 29, 1829. This act was passed six days before the short statute of limitations. It provided for proceedings by writ of dower, but also gave a writ of seizin, which rendered a supplemental ejectment unnecessary. But this statute required a demand of one month before any action could be brought, and thus rendered it impossible for Mrs. May to sue before the 5th of November.

The Revised Statutes of 1838 seem to have made provision for two remedies. One was the writ of dower, which might be brought after one month and within one year from demand, under which she could recover possession and damages for detention. Revised Stat. of 1838, pt. 3, tit. 3, ch. 3. The other was the new statutory action of ejectment, in substance like our present statutes, and superseding the ancient action of ejectment previously used. Revised Stat., pt. 3, tit. 3, ch. 2. This new action of ejectment differed from the old one

in making the judgment conclusive after a certain period, but allowing two new trials. No provision was made for any new trial in the action of writ of dower, which seems to have been an action of right with some of the remedies belonging to possessory actions.

This anomalous state of things was ended by the revision of 1846, still in force, which abolished all other actions but ejectment, and imposes no conditions on its commencement to recover dower.

There is no reason that we can discover why a stale claim of dower in lands aliened by the husband deserves any more consideration than any other claim. Every principle of justice and policy is against favoring ancient and dormant claims. These dower claims are often, if not generally, unknown until presented, and it is very difficult in many cases to find out whether they exist or not. The courts under the common law system of procedure appear to have felt themselves bound, for reasons which we do not altogether appreciate, to give to statutes of repose a technical construction whereby they excluded writs of dower because not mentioned, and not in all respects identical with any other form of action. But under our statutes, inasmuch as we have but one form of action, which is statutory ejectment, to reach dower in the same way with other landed interests, we should be obliged, in order to except rights of dower from the operation of the limitation acts, to disregard their language altogether. The words of the statute in force in 1851 are that "No person shall commence an action for the recovery of any lands, nor make any entry thereupon, unless within twenty years after the right to make such entry or bring such action first accrued." Revised Stat., 1846, ch. 139, § 1. These terms are free from ambiguity. If Mrs. Bigelow could have brought an action of ejectment in 1851 (and it is not pretended she could not have done so) she comes within the plain terms of the statute. We are not called upon to discuss the propriety of the old decisions, which certainly strained

the law very much to favor dower. The forms of remedy under which that over-nice casuistry was adopted, have been changed into a single and universal remedy which will not permit any different treatment of suitors. All must be governed by the same regulations.

We think, therefore, that the plaintiff in error in each of these cases is entitled to have judgment reversed, and a new judgment rendered in his favor with costs of both courts.

The other Justices concurred.