## CHOTEAU *v.* HARVEY.

### SAME *v.* UNION PAC. RY. CO.

*(Circuit Court, W. D. Missouri, W. D.* November 9, 1888.)

1. DOWER—ASSIGNMENT—LIMITATION OF ACTIONS.
   An action for the assignment of dower is an action to recover real estate, within the meaning of the Missouri statute of 1847, (Rev. St. Mo. 1879, § 3219,) and is barred by the 10-years limitation of that act.

2. SAME—STATUTES—RETROSPECTIVE OPERATION.
   The limitation law of 1847 was in force at the time of the adoption of the Missouri Code of 1849, and the provision of said Code (Laws Mo. 1849, art 2, p. 74, § 1,) that "this article shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statute now in force shall be applicable to such cases," etc., had reference to the limitation law of 1847, so as to bring within its purview an action for the assignment of dower accruing prior to its adoption.

·At Law.

Actions for the assignment of dower, instituted by Berenice F. Choteau against William Harvey and the Union Pacific Railway Company.

*Slaughter & Taylor,* for plaintiff.

*Karnes & Krauthoff,* for William Harvey.

*John W. Beebe* and *Charles Monroe,* for Union Pacific Railway Company.

Before BREWER, Circuit Judge, and PHILIPS, District Judge.

PHILIPS, J. ·This is an action for the assignment of dower. The plaintiff's husband is alleged to have died seized of the land in question in 1838, at which time plaintiff's right of dower attached so as to have been asserted in this form of action, had she chosen to do so. The above facts appearing on the face of the petition, the defendant demurred on the ground that the action was barred by the statute of limitations. The question to be decided is, does the statute of limitations prescribed by the statute of this state apply to this action?

Section 3219, Rev. St. Mo. 1879, declares that "no action for the recovery of any lands, etc., or for the recovery of the possession thereof, shall be commenced, had, or maintained by any person, * * * unless it appear that the plaintiff, his ancestor, predecessor, grantor, or other person, under whom he claims, was seized or possessed of the premises in question within ten years before the commencement of such action." This statute was enacted in 1847, and has continued in this form in the successive revisions to this date. It has long been a mooted question in this state as to whether or not this statute applies to the action for the assignment of dower. It, perhaps, is not too much to say that it was the prevailing opinion of the profession, based upon adjudications of the courts, that there is no statutory limitation as to such action; but the question has recently been reviewed and determined by the supreme court of this state in the case of *Robinson* v. *Ware,* 94 Mo. 678, 8 S. W. Rep. 153, in which it is held that the action for assignment of dower is, in effect, an action to recover real estate, and is barred by the 10-years limitation. It is important in relation to the question here presented to briefly advert to the argument and ground of that decision. It holds under the statute respecting the action for dower, where the widow, as in this case, shall be deforced thereof, that it is an action for the recovery of real estate, and that the action performs the double office of the allotment of the dower interest and of ejectment for the possession thereof; that the proceeding "comes literally within the words, 'an action for the recovery of lands, or for the recovery of the possession thereof.'" After alluding to the fact that under statutes prior to 1849 it was supposed that the statute of limitations did not apply to such actions, it is asserted that the practice act adopted in 1849 "abolished all distinctions between actions at law and suits in equity, and declared that thereafter there should be in this state but one form of action, which is denominated a 'civil action.'" This Code repeals certain sections of the Revised Statutes of 1845 concerning the limitation of personal actions, and substitutes others. It is then maintained that "this history of the legislation shows clearly

that it was the policy of the legislature of 1849 to fix a period of limitation for all civil actions," and, of consequence, as dower is a civil action, it must be held subject to the operation of the 10-years limitation. The cause of action under consideration in that case, having accrued after the statute of 1849, was subject to its operation. The federal courts, in construing state statutes, as a general rule, where no newly-acquired interests or rights have attached upon earlier rulings on the statute, will follow the construction given by the highest courts of the state where such statute has been enacted. The plaintiff, while recognizing the binding force of this decision, undertakes to except from its operation this action on the ground that her cause of action accrued in 1838, long prior to the adoption of the limitation law of 1847 and the practice act of 1849. This contention rests upon the ground that in the act of 1849 (section 1, art. 2, p. 74, Laws Mo. 1849) it is expressly provided that "this article shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statute now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form." This exception has, in effect, been carried forward and incorporated in every succeeding revision of the statute. The argument of plaintiff's counsel is that, as prior to the act of 1849 there was no statute in force in this state placing any limit upon the right of action for assignment of dower, the right remained intact and wholly unaffected by any subsequent statute of limitations. It is to be conceded to this contention that there are decisions in other jurisdictions which seem to support it. *Libbett* v. *Maultsby*, 71 N. C. 345; *O'Mulcahy* v. *Florer*, 27 Minn. 449, 8 N. W. Rep. 166. But, giving effect to the phraseology of the Missouri statutes, and the construction repeatedly placed thereon by the supreme court of the state, we do not feel at liberty to follow the cases cited. As already stated, the statute limiting real actions, in the form as it now appears in the latest revision, appeared in the laws of Missouri, 1847, p. 94, § 1, in an act entitled "An act to quiet vexatious land litigation." That act contained no reservation saving the right of actions already commenced, or which had accrued; but it must be kept in mind that, according to the present holding of the supreme court in *Robinson* v. *Ware, supra,* the language of this statute, being the same as the present statute, did in its terms and effect cover the action of dower as one "for the recovery of lands."

Without stopping here to consider whether that statute would have applied to the plaintiff's cause of action, which had not then run 10 years, or whether she would have had 10 years thereafter in which to bring her action, it is sufficient to say that this section of the statute of 1847 was in force at the time of the adoption of the Code of 1849, and that the language "but the statutes now in force shall be applicable to such cases" evidently had reference to the statute of 1847, which was in force at the time of the adoption of the act of 1849. It is true that, in *Littleton* v. *Patterson*, 32 Mo. 357, the court held that the action for dower was not barred by the act of 1847. No attention was given to the act of 1849 in this decision, but it was predicated solely of the act of 1847. The 10-

years limitation, when the action was brought, had not run under the act of 1849, but had run under the act of 1847, as the husband died January 4, 1849, and the suit was begun February 23, 1859. It is not apparent to our mind, as suggested by counsel for plaintiff, that Judge BLACK, who delivered the opinion in *Robinson* v. *Ware*, concedes that the act of 1847 was rightly construed in *Littleton* v. *Patterson*, for he says:

"We believe such an action would have been held to have been barred in the case of *Littleton* v. *Patterson, supra,* either by the first section of the act of 1847, or this general clause in the act of 1849, had the court been called upon to consider the statutes as a whole."

And it will be perceived that the whole line of argument in the opinion in *Robinson* v. *Ware* was opposed to that pursued by the court in *Littleton* v. *Patterson*, predicated of the construction given to the statute of 1847, which was supposed to have been modeled after the statute of Hen. VIII., and James I., for the opinion says:

"As a general rule, when we adopt a statute from another jurisdiction, we take it with the construction which has been given to it in that jurisdiction; but where one or more sections are formulated after these old English statutes, we must construe our own enactments in the light of the whole body of our statute law upon the same general subject."

The opinion then proceeds to show that, by the practice act of 1849, the scheme and policy of the act was to make the statute of limitations applicable to all civil actions, and the period of 10 years prescribed in the then existing law applicable to all actions for the recovery of real estate or any interest therein. In the revision of 1855, which was re-enacted in 1857, (Laws Mo. 1856–7, pp. 76–80,) this statute of limitations was continued, and the saving clause was expressed in section 15, art. 3, as follows:

"The provisions of this act shall not apply to any action commenced, nor to any cases where the right of action or of entry shall have accrued before the time when this act takes effect, but the same shall remain subject to the laws then in force."

In this form this provision continues in the statute to this day. Again, however, it is contended, with zeal and ability, on the part of plaintiff's counsel, that the expression "the same shall remain subject to the laws then in force" has reference to the time when the cause of action accrued. On the part of the defendant it is contended that the word "then" has reference to the law in force at the time when the act of 1855 took effect. This contention of defendant is, we think, well sustained, both upon the grammatical construction of the provision, as well as the repeated decisions of the supreme court. Judge SCOTT, delivering the opinion of the supreme court in *Callaway Co.* v. *Nolley*, 31 Mo. 398, said:

"The construction put upon the existing statute of limitations as to real actions is that, where ten years have elapsed from the taking effect of the act, the action is barred, although it first accrued under some act of limitations which gave a longer period in which to bring it."

This precise question came up for consideration and determination again in *Billion* v. *Walsh*, 46 Mo. 492. After quoting said section, the court say:

"What are the laws here referred to? The laws in force at the time the act took effect, or at the time the right of action accrued? The plaintiff assumes the latter position, and claims that her right of action accrued in 1832, upon the death of Connell, when the limitation act of 1825 was in force, giving twenty years in which to sue, after the removal of disabilities, and that this latter act is the one that fixes the rights of parties. The position assumed is not sustainable. It is at variance with the letter and spirit of the law, and the whole tendency of legislation on this subject for the last generation."

After adverting to the various limitation statutes the court conclude by saying that the term "then" in section 15 of the act of 1855 "is the law in force at the time of its enactment, [and is] to govern when the right of action had then already accrued. * * * The legislature, not wishing to disturb the law of 1847, instead of enacting that the law of 1845 should govern in cases where the right of action had then already accrued, enacted that the law in force at the time the revised act should take effect should apply to and govern such cases. The law of 1847 was then in force, and consequently must control in all cases where the right of action had accrued at the time the subsequent act went into operation, provided the period limited in the act had run after its passage." So BLISS, J., in *Gilker* v. *Brown*, 47 Mo. 110, 111, held that said section 15 "can have no reference to any acts of limitation beyond the act of 1847." Evidently for the reason that that law was then in force. We have not overlooked the line of decisions cited by counsel holding that, where the statute of limitations in force at the time the cause of action accrued gave, for instance, 10 years in which to bring suit, and the subsequent statute shortened the period, the former period of 10 years was secured to the party by virtue of the saving clause in said section 15. *Neilson* v. *Chariton Co.*, 60 Mo. 386; *Abernathy* v. *Dennis*, 49 Mo. 469; *School Directors* v. *Goerges*, 50 Mo. 194; *McCartney* v. *Alderson*, 54 Mo. 320. The holding in these cases comes clearly within the construction already given to said section 15, as the statute under which the causes of action accrued in those cases was the statute or law in force at the time of the enactment of the new statute. It is a *non sequitur*, however, that as, at the time the plaintiff's cause of action arose, there was no statute of limitation as to the action for assignment of dower, the right remains unlimited by reason of the saving provision of said section 15. As already attempted to be shown, the act of 1849, having declared, in effect, that all civil actions for the recovery of land, which includes the action for dower, shall be subject to the limitations now imposed by statute, *i. e.*, the statute of 1847, the legal effect was the same as if, in 1849, the legislature had in express words declared that causes of action for the recovery of dower interests accrued anterior to 1849 should be subject to the period of limitation prescribed in section 1 of the act of 1847. It may be conceded to plaintiff's contention that the act could not be retroactive in its operation under the state constitution. It was so far pro-

spective in its effect as to allow to the party whose cause of action arose prior thereto 10 years from the date of the statute in which to bring her action. This position is fortified, we think, by the authority cited by counsel, *Sayre* v. *Wisner*, 8 Wend. 661. The legislature having enacted that a widow should demand her dower within 20 years after the death of her husband, it was held that the limitation did not apply where the husband died previous to the new statute going into effect. But at the same time it was held to be "strictly within the reason of the rule of construction above alluded to to say that it may be applicable to cases of previous death, but not till twenty years after the statute takes effect." The plaintiff in this case at bar has slept upon her rights nearly 30 years since the act of 1849, and, while the conclusion reached in this opinion is not free from doubt, it seems to us to accord with the recent decision of the supreme court in *Robinson* v. *Ware*, and other cases cited; and, so holding, the demurrer to the petition is sustained.

BREWER, J., concurs.