## BURT, Appellant, *v.* C. W. COOK SHEEP COMPANY et al., Respondents.

Dower—*Limitation of action.*—A widow is not barred from prosecuting an action for the assignment of dower by section 29 of the Code of Civil Procedure, providing that "no action for the recovery of real property or for the recovery of the possession thereof can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question within five years before the commencement of the action," for, until the estate is consummated and assigned, the widow has no seisin or possession from which the period of limitation may be dated, nor has she an ancestor, predecessor, or grantor of the dower right within the meaning of the said Statute of Limitations. Nor is such action barred by section 47 of chapter 3, title iii. of the Code of Civil Procedure, providing that an action for relief not hereinbefore provided for must be commenced within three years after the cause of action accrued, as said chapter 3 of said title and the sections thereof relate only to the limitation of actions other than those for the recovery of real property.

*Appeal from Sixth Judicial District, Meagher County.*

The demurrer to the complaint was sustained by Henry, J.

*Word & Smith,* for Appellant.

General Statutes of Limitation do not run against the widow's right to dower, and her right to dower is not barred by limitation, unless it is expressly so stated in the statutes. (Buswell on Limitation of Actions, § 289; Park on Dower, 311–315; 4 Kent Com. [7th ed] p. 70; *May v. Rumney,* 1

Mich. 1; *Barnard* v. *Edwards*, 4 N. H. 107; 17 Am. Dec.
403; *Robie* v. *Flanders*, 33 N. H. 524; *Wakemon* v. *Roache*,
Dud. (Ga.) 123; *Spencer* v. *Weston*, 1 Dev. & B. 213; Angell
on Limitations [6th ed.], 367; *Ralls* v. *Hughes*, 1 Dana, 407;
*Tooke* v. *Hardeman*, 7 Ga. 29; *Littleton* v. *Patterson*, 32 Mo.
364, 365; *Johns* v. *Fenton*, 88 Mo. 66; Teidman on Real Prop-
erty, § 131; *Guthrie* v. *Owen*, 10 Yerg. 339; *Parker* v. *Obear*,
7 Met. 24; *Wells* v. *Beall*, 2 Gill & J. 468; *Downs* v. *Allan*,
10 Lea, 652, 668; *Galbraith* v. *Green*, 13 Serg. & R. 85; *Dille-
baugh's Estate*, 4 Watts, 177; *Durham* v. *Angier*, 20 Me. 242;
*Hogle* v. *Stewart*, 8 Johns. 104; *Sellman* v. *Bowen*, 8 Gill & J.
50; 29 Am. Dec. 524; *Williams* v. *Williams*, Ky. Dec. 14, 1889,
12 S. W. Rep. 760; Wood on Limitation of Actions, § 273, p.
584; 1 Coke on Littleton, 31 *a*, and note, 39; *Brenner* v.
*Quick*, 88 Ind. 546.) All of the foregoing authorities are to
the effect that the general Statutes of Limitation of Henry
VIII. and James I., which have generally been adopted by
the States of the Union, do not constitute any bar to the wife's
recovery of dower, notwithstanding the length of time that
may have run since the death of her husband, or since the land
was alienated. Neither can the possession of the heir or pur-
chaser be adverse to the dower right of the widow. The estate
of the widow arises by operation of law, and is not created by
any grant or by virtue of any act of the husband other than
his seisin in the property, and as the lands when held by the
husband are subject to the inchoate or incipient right of the
widow's dower, the purchaser takes them in the same way, sub-
ject to the same legal incidents, of which they can be divested
only by the death of the wife. The purchaser enters into the
possession, not under a full and perfect title, but under a title
subject to the dower right of the wife, with which his title well
consists, and to which it is nowise opposed. There are some
authorities which hold that the wife's right to dower is barred
by general Statutes of Limitation, in which the dower is not
expressly named, and the authorities cited by the counsel for
the defendants, that the action of the wife for dower is barred
by the general Statutes of Limitation, are from those States
which have some statutory provisions, giving to the wife as
dower upon the death of her husband the mansion-house, and

generally one third of the lands to be allotted them, adjoining and including the domicile or homestead; and in such cases, upon the death of her husband the widow is by law deemed in possession of her dower and a tenant in common with the heir at law. The following States have the statutory provisions referred to, to wit, New Jersey, Kentucky, Indiana, Illinois, Alabama, Mississippi, Virginia, Missouri, Arkansas, and Ohio, and it is under such statutes, defining by law the dower interest of the wife and making it certain as to locality, that the following decisions were rendered: *Robinson* v. *Ware*, 94 Mo. 678; *Beard* v. *Hale*, 95 Mo. 16; *Berrien* v. *Conover*, 16 N. J. L. 107; *Webb* v. *Smith*, 40 Ark. 17. And other decisions of like import will be found to have been based upon such statutory provision or general statutes, in which the dower right of the widow is expressly stated as being barred after a certain length of time.

The American courts, where the common law of England has been adopted, and where it has not been changed by statutory enactments, have gone further than the English courts in maintaining the right of the wife to dower in all the lands of which her husband was seised during coverture. They have even gone to the extent of laying down the rule that she has a right of dower in an equity of redemption, of which her husband died seised, and that she could maintain her action for her dower right in an equity of redemption. As said by Lord Coke: "There are three things favored in law, viz., *life, liberty, and dower.*" The right of the wife to dower in the lands of which her husband was seised during coverture, by the Act of February 11, 1876, is distinctly affirmed by the Supreme Court in the case of *Chadwick* v. *Tatem*, 9 Mont. 354. The common law, having been adopted as a part of our jurisprudence (§ 201, p. 647, Comp. Stats.), the Supreme Court of the State will look to the English decisions and other decisions on the questions involved for a correct construction of the Statute of Limitations on the question of dower, and see whether or not dower *is* included in a general Statute of Limitations, where dower is not named. Adopting this theory, upon which we deem it useless to cite authorities, we believe the decisions rendered upon the Statute of Limitations by English and American courts, con-

574 BURT v. COOK SHEEP CO. [June T.,

struing the same, are almost *stare decisis* of the question here involved. Our Statute of Limitations is not near so broad as in Michigan and other States, where it has been decided that the statute was not a bar to the wife's action for dower.

*Thomas C. Bach,* for Respondents.

The case of *May* v. *Rumney*, 1 Mich. 1, is reviewed and distinguished in *Proctor* v. *Bigelow*, 38 Mich. 282, which latter case depends upon a statute similar to ours. As to the Maryland case, cited by the appellant, it is held by that court in *Steiger* v. *Hillen*, 5 Gill & J. 121, that equity will apply the doctrine of laches, and we shall hereafter show that in Montana equity is limited not by laches but by statute. It is true, as counsel says, that at common law the widow could not bring ejectment until dower was assigned, and that is the ground of reasoning in the cases cited by him; but in Montana, by the law of 1876, she can bring her action before the assignment, and in that action have the assignment made and have a judgment for the possession all in one action. (See, also, opinion of Dillon, C. J., *Rice* v. *Nelson*, 27 Iowa, 148.)

In New Hampshire it is apparent from the opinion of the court that the widow could bring no action for the recovery of the land, until dower had first been assigned. With us she has a right of action at once, if the person in possession does not assign her dower within thirty days after the decease of the husband. Again, it is apparent from the last paragraph of the opinion, and from the case in 4 N. H., cited by appellant, that in New Hampshire the Statute of Limitations applied only to legal actions—the doctrine of laches only applies to suits in equity. This is not the law here, as will be shown. In the 33 N. H. case it is recognized that the statute does apply, the question being only when does the statute commence to run; and it will be seen that the widow's right to sue commences only after demand and refusal. With us she is expressly given the right to sue if the person in possession neglects to assign her dower within thirty days after the death of her husband. Again, in New Hampshire, it seems that the old writ of dower is still in practice.

As to *Galbraith* v. *Green*, 13 Serg. & R. 85, whatever this

case may have decided, it is certain that the Pennsylvania court
has held that the Statute of Limitations does control.

In *Durham* v. *Angier*, 20 Me. 242, the court decided that
where one claimed under and not against the husband, the stat-
ute would not commence until after his death. Whether or not
it would then commence, the court refused to decide. The
principle of the New York cases cited by appellant will be
found in *Jones* v. *Powell*, 6 Johns. Ch. 194. And it is respect-
fully urged that upon principle the last case is directly in favor
of respondent; and it is to be remembered that Chancellor Kent,
from whom appellant quotes, wrote the opinion.

By our Code there is no longer a suit in equity and an action
at law; all actions are either civil actions or criminal actions.
It is expressly enacted that "civil actions can only be com-
menced within the periods prescribed in this title . . . . except
where, in special cases, a different limitation is prescribed by
statute." (§ 28, Code Civ. Proc. p. 65, Comp. Stats.) The
law of 1876, which defines dower and provides for its enforce-
ment, does not prescribe a different limitation. Hence, it is
governed by: *First*, either the law of the time commencing
actions concerning real property; or *second*, it. comes within
the statute fixing the time for what were formerly suits in
equity.

This is certainly an action "concerning real property"; it
is undoubtedly an action brought to recover the possession of
real property. (*Tuttle* v. *Wilson*, 10 Ohio, 26, 27.) And see
below for comparison of statutes, *Jones* v. *Powell*, 6 Johns.
Ch. 194; *Proctor* v. *Bigelow*, 38 Mich. 282; *Torrey* v. *Minor*,
1 Smedes & M. Ch. 489, 494; *Robinson* v. *Ware*, 94 Mo.
678; *Rice* v. *Nelson*, 27 Iowa, 148–157. By the terms of the
law of 1876, it was made the duty of respondents to assign
to plaintiff her dower within thirty days after the death of
her husband. It appears that they did not, and such act was
hostile to her rights — was a disseisin — and she has been
neither seised nor possessed of the property within five years.
On the contrary, defendants have been seised and possessed
of it ever since the death of her husband. (*Care* v. *Keller*, 77
Pa. St. 492; *Kinsolving* v. *Pierce*, 18 Mon. B. 784; *Seymour*
v. *Carli*, 31 Minn. 81.) Therefore the Statute of Limitations

concerning real property applies. The law of 1876 provides an action for the recovery of possession. Section 29 provides that "no action for the recovery of real property, or for the recovery of the possession thereof, can be maintained," etc. It would seem that no language could be stronger—no argument more syllogistic. The Statute of Limitations controls. (*Proctor* v. *Bigelow*, 38 Mich. 282; *Jones* v. *Powell*, 6 Johns. Ch. 194; *Torrey* v. *Minor*, 1 Smedes & M. Ch. 489; *Tuttle* v. *Wilson*, 10 Ohio, 26; *Kinsolving* v. *Pierce*, 18 Mon. B. 782; *Care* v. *Keller*, 77 Pa. St. 492; *Robinson* v. *Ware*, 94 Mo. 682; *Conover* v. *Wright*, 6 N. J. Eq. 613; 47 Am. Dec. 213; *Berrien* v. *Conover*, 16 N. J. L. 107; *Ramsay* v. *Dozier*, 3 Brev. 246.) The 10 Ohio case will be found peculiarly applicable, for the statute of that State gives the same remedy to the widow, the same form of action, as is given in Montana under laws of 1876. (See 2 Rev. Stats. Ohio [1880], §§ 5708, 5112.) The same may be said of the cases from Missouri, as will appear in *Robinson* v. *Ware, supra;* especially is this true of the Statute of Limitations of that State. The widow's remedy in Missouri is also similar to ours. (See 1 Rev. Stats. Mo. [1889], §§ 4535, 4536.) It is said that as to the heirs of the husband, they are cotenants, and the statute does not apply until forty days after death; but as to a purchaser, his right is antagonistic, and by our statute he must assign dower within thirty days; and care must be taken to distinguish the rule in this State from the rule in those States which requires the widow to demand before she can bring her action. (*Rice* v. *Nelson, supra.*) With us she has her action for possession thirty days after death of her husband, although as to damages they do not accrue until demand. (See, also, *Conover* v. *Wright*, 6 N. J. Eq. 613, 617.)

As to equity right. As before stated there is a statute for all civil actions, which includes what were formerly actions at law and suits in equity. (*a*) The statute applies to what were suits in equity. (*Lord* v. *Morris*, 18 Cal. 485; *McCarthy* v. *White*, 21 Cal. 495; 82 Am. Dec. 754.) (*b*) But if this should not be considered an action to recover possession of real property, then it is governed by section 47, which applies to all actions for relief not hereinbefore provided for, a section taken from California, and by the Supreme Court of that State held to

include all suits or actions sounding in equity and not included within the prior (or other) sections. (See *Piller* v. *Southern P. R. R. Co.* 52 Cal. 42.)

HARWOOD, J. — The sole question brought to this court for determination by this appeal is, what effect has the general Statute of Limitations of this State upon the right of a widow to maintain the action provided by the dower act for the assignment of dower?

It appears from the record in this case that plaintiff filed her complaint, setting forth, in effect, that plaintiff intermarried with Henry S. Crittenden, September 13, 1874, and lived with her said husband from that date continuously in Montana until his death, which occurred in the month of October, 1878; that during said coverture, her said husband was seised in fee of certain real estate described and situate in Meagher County; that about the month of November, 1877, the said Crittenden sold and conveyed said land, without the plaintiff's consent and without her joining in such conveyance, and that plaintiff has never relinquished her dower right in said land; that defendants are now in possession of said land, and claim to own the same.

The court below sustained defendants' demurrer to the complaint, on the ground that it appeared from the facts stated that the Statute of Limitations barred plaintiff's right to maintain her suit for the assignment of dower. Plaintiff appealed, and the same point has been argued with great ability and research before this court.

There is considerable variation in the decisions of courts of last resort upon this question, not only as to the conclusions reached, but also as to the reasons assigned therefor. It would be an unnecessary task, here to set forth a review of all the decisions which we have examined upon this question, because that work has been thoroughly done by able writers. (2 Scribner on Dower, 523–543; 4 Kent Com. [13th ed.] 70, and notes; Washburn on Real Property, 276–278; Angell on Limitations, § 367; Wood on Limitation of Actions, 584, 585; Tiedeman on Real Property, § 131.)

In setting forth the reasons upon which we arrive at the con-

clusions herein announced, we shall bring to attention such cases as illustrate the different views heretofore held by the courts, and the different statutes upon which the same were founded. These, together with the *dicta* of able writers, such as cited *supra*, and the collation of authorities by them cited, which we have to a large extent examined, have given us much aid in determining the question before us.

The prototype of the Statutes of Limitations, enacted in the various States of the American Union, is undoubtedly the early English statutes on the same subject. (Angell on Limitations, ch. 2; Wood on Limitation of Actions, ch. 1.) We observe, as bearing upon the question before us, that it is agreed by the writers, that it has been uniformly held by the English courts, that the general Statutes of Limitations of England did not apply to writs for assignment of dower; but in later times special statutes have been passed limiting the period for the assertion of that right. (See authorities cited *supra*.)

In the United States, as before observed, and as will be seen by an examination, the holding is not uniform. But the terms of the Statutes of Limitation vary greatly in different States, as will be seen by comparison (Angell on Limitations, and Wood on Limitation of Actions, Appendix); and it is therefore not at all strange that while in some cases the action or suit for the assignment of dower is held to be within the statute, by reason of its terms, in other cases and under statutes of different terms the contrary is held.

In the case of *Jones* v. *Powell*, 6 Johns. Ch. 194, decided in 1822, Chancellor Kent uses language tending strongly to indicate that he held the opinion that the general Statute of Limitation, in force in New York at that time, according to its terms, would bar an action for the assignment of dower. However, the decision was not controlled by the general statute commented on, because the dower act there provided that "a widow shall be at liberty at any time during her life to make a demand for her dower." In view of that provision the chancellor observes that the court "may therefore put out of the consideration of this case the effect of any legal limitation to the action of dower." The comments of the chancellor in that case, although upon statutes which did not control his decision, carry

much weight in view of his eminent abilities, and are justly relied on by counsel for respondent.   One provision of the statute commented on is quoted in the opinion as follows: "No person shall make any entry into lands, but within twenty-one years next after his right of action accrued."   This limitation, it was thought, would bar the possessory action of the widow for dower.   Notwithstanding the views of the chancellor expressed in that case, we observe that when he afterward wrote the fourth volume of his commentaries, in treating of the subject of the limitation of the action of dower, he cites other cases where the question had come under consideration in the United States, but makes no mention of the case of *Jones* v. *Powell, supra,* nor does he express the views therein set down.   Evidently that case was regarded as containing only a passing comment on a statute which did not control the decision.   The author says: "In the English law, the wife's remedy by action for her dower is not within the ordinary Statutes of Limitations, for the widow has no seisin; but a fine levied by the husband, or his alienee or heir, will bar her, by force of the statute of non-claims, unless she brings her action within five years after her title accrues, and her disabilities, if any, be removed.   In South Carolina, it was held in *Ramsay* v. *Dozier,* 3 Brev. 246, and again in *Boyle* v. *Rowand,* 3 Desaus. Eq. 555, that time was a bar to dower, as well as to other claims.   But in the English law there is no bar; and in New Hampshire, Massachusetts, and Georgia, it has been adjudged that the writ of dower was not within the Statutes of Limitations.   As to the account against the heir for the mesne profits, the widow is entitled to the same from the time her title accrues; and unless some special cause be shown, courts of equity carry the account back to the death of the husband.   The New York Revised Statutes have given a precise period of limitation, and require dower to be demanded within twenty-one years from the time of the death of the husband, or from the termination of the disabilities therein mentioned."

The Revised Statutes of New York, "giving a precise period of limitation" to the action for dower mentioned in the text quoted, was passed after the decision of the case of *Jones* v. *Powell.*   After the decision of that case, the question of the

effect of the general Statute of Limitations upon the widow's right of action for assignment of dower arose in certain cases, which he mentions, and were determined upon the consideration of the general statutes; notably the cases of *Barnard* v. *Edwards*, 4 N. H. 107; 17 Am. Dec. 403; and *Parker* v. *Obear*, 7 Met. 24; wherein it was held that general statutes, very much like that of New York when the case of *Jones* v. *Powell* was decided, do not apply to the dower right. We shall have occasion to refer to these cases further along in this opinion.

In 1847 the Supreme Court of Michigan, in an elaborate opinion (*May* v. *Rumney*, 1 Mich. 1), reviewing the American and English authorities, arrived at the same conclusion expressed in the Massachusetts and New Hampshire cases, *supra*. So in Missouri in 1862, under a statute substantially like the present statute of Montana, it was held that the general Statute of Limitation did not bar the dower right. (*Littleton* v. *Patterson*, 32 Mo. 357.)

In Michigan the question came before the Supreme Court again in 1878 (*Proctor* v. *Bigelow*, 38 Mich. 282); and it was held that the statute as it then stood barred the widow's action for dower. Some changes it appears had been made in the statute since the case of *May* v. *Rumney* was decided, relating to the action for dower, which are reviewed by Chief Justice Campbell in the opinion, and the conclusion announced was placed upon the ground that the action for the assignment of dower, being by statute made an action of ejectment, was within the general terms of the Statute of Limitation, which was quoted in the opinion as follows: "No person shall commence an action for the recovery of any lands, nor make any entry thereupon, unless within twenty years after the right to make such entry or bring such action first accrued."

The statute just quoted from the Michigan decision, and the statute of Montana quoted above, furnish an illustration of two quite common forms of statutes on the subject before us. The Michigan statute, and others of that form, provides the limitation, from the time the right to make the entry or bring the action "*first accrued*"; while the statute of Montana and others of like terms provide that the action is barred, "unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was

seised or possessed of the property in question" within the time prescribed. Now, as applicable to the right of dower, the two forms of statute are vastly different. Dower is a life estate, in the widow, cast by law, in conjunction with certain conditions, which together operate to initiate and consummate the right of dower. The wife has no possession or seisin, nor has she a right thereto, until the estate is consummated and assigned. It cannot in the nature of this particular estate be logically maintained that the widow has any ancestor, predecessor, or grantor of the dower right, in the sense in which those terms are used in section 29 of our Code of Civil Procedure. Mr. Angell, in his work on Limitations, says: "Dower is not within the Statute of Limitation of Henry, or of James; but a fine levied by the husband, or his alienee or heir, will bar her by force of the statute of non-claims, unless she bring her action within five years after the accruing of her title, and the removal of her disabilities, if any. In New Hampshire, in Georgia, in North Carolina, and in Tennessee, the writ is not within the Statute of Limitations, and in Maryland it has been held that the Statute of Limitations is no bar in equity to the claim of dower. The principle of the doctrine is stated clearly by the court in the case in New Hampshire. (*Barnard* v. *Edwards, supra.*) The view taken by the court was that the statute applied only to actions, entries, and claims, founded upon a previous seisin or possession of the lands demanded, from which seisin or possession the time of limitation may be dated; and that dower cannot have a limitation dated from the seisin of the husband, and that a limitation cannot be dated from the seisin or possession of the widow, because she cannot have either until dower has been assigned to her. This doctrine was recognized and approved by the Supreme Court of Massachusetts in a case (*Parker* v. *Obear, supra*), wherein it was decided that a writ of dower was not barred by the Revised Statutes of that State; and the court say that the limitation being thus dated from the seisin, it would be absurd to extend it to actions in which seisin not being issuable, can never become the subject of evidence on the trial." (Angell on Limitations, § 367.)

In a note to the above text appears a quotation from Brook's Reading upon the statute 32 Hen. VIII., chapter 2, as follows:

"A woman brought a writ of dower, of the seisin of her husband sixty-one years past, the action lieth, *because* that is not of her own seisin, nor of none of her ancestors nor predecessors, neither is it an action possessory, and it is not prohibited by the statute."

The first section of the dower act of this State provides that "a widow shall be endowed of the third part of all lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form." Now, if it be held that when she petitions under that act for the assignment of the estate, of which the law endows her, she must show that she, or her predecessor or grantor, was seised or possessed of the estate claimed within five years, we are constrained to ask, how will she do this? To whom will she point as predecessor or grantor of the estate with which the law declares she "shall be endowed?" It cannot be said that her husband was her grantor or predecessor. He neither grants to her, nor can he grant away from her, that dower estate. It is true the husband is the person through or under whom the wife, by virtue of law, claims her dower; but our Statute of Limitation does not contain the terms "through or under whom" the plaintiff claims, as often appears in statutes. If it should be held that the husband is the grantor or predecessor of the wife's dower estate, then the wife would be compelled to show that he was seised or possessed within five years, or her dower would be lost; and in such case he could convey the seisin and possession, and remain out five years, and if he lived that length of time, the dower would be lost by force of the Statutes of Limitations before it was consummated; notwithstanding the statute declares she shall be endowed of one third of the lands whereof her husband was seised "*at any time during the marriage,* unless relinquished in legal form." If it is held that the husband's ancestor, grantor, or predecessor is also the grantor or predecessor of the wife's dower estate, then the very seisin of the husband for five years prior to the consummation of the dower estate would bar her dower, because she would have to point to her husband's ancestor, grantor, or predecessor as her predecessor, and, of course, they would under that state of facts have been out of

possession and seisin for the period of five years. These de-
ductions we think would certainly result from holding that the
widow must bring her action for the assignment of dower within
the provisions of section 29 of the Code. Upon reason and
authority, and the unquestioned meaning of the terms used in
that section, we think it was never intended to apply as a bar
or limitation to the widow's suit for the assignment of dower.

In our investigation of this subject, we have nowhere found
any authority questioning the force of the reasoning set forth
in the New Hampshire and Massachusetts cases cited *supra.*
In the well sustained opinions, where it has been held, as in
Michigan (*Proctor* v. *Bigelow, supra*), that the general Statute
of Limitation barred the action for assignment of dower, the
statute provided that the action must be commenced within the
stated period "after the right to make such entry *or bring such
action first accrued;*" or as in Ohio (*Tuttle* v. *Wilson,* 10 Ohio,
25), where the statute on which the decision was founded pro-
vides: "That no person or persons shall hereafter sue, have, or
maintain any writ of ejectment, or other action for the recovery
of the possession, title, or claim of, to, or for any land, tene-
ment, or other hereditament, but within twenty-one years next
after the right of such action or suits shall have accrued." As
remarked by the court in that case: "It will be seen that it is
not only the action of ejectment which is barred by this statute,
but every other action for the recovery of the possession, title,
or claim to any land." It is readily seen that such statutes, or
statutes of other terms of like import, may fairly be construed
to apply as a bar to the action for dower.

It is contended by counsel for respondent that if section 29
is inapplicable to the action for assignment of dower, section 47
of the Code would apply and bar the action in three years from
the time the right accrued.

Title 3 of the Compiled Statutes is devoted to the subject of
limitation of actions. Chapter 2 of this title prescribes limit-
ations of actions concerning real property. Chapter 3 of said
title appears to be intended to apply only to actions concerning
other rights of action than those relating to real property; for
the first section of chapter 3 provides for "actions other than
those for the recovery of real property as follows," etc. Section

47 of the same chapter provides as follows: "An action for relief not hereinbefore provided for must be commenced within three years after the cause of action shall have accrued."

We do not think this section was intended by the legislature to apply to actions concerning real property. In the case of *Robinson* v. *Ware*, 94 Mo. 678, wherein the Supreme Court of Missouri completely reverses the construction of the statute as held in *Littleton* v. *Patterson*, *supra*, the court considers the bearing of a clause in the Missouri statute like section 47 of our Code, which the court termed a "catch-all clause." In one part of the opinion it is said: "We believe such an action (action for dower) would have been held to be barred in the case of *Littleton* v. *Patterson*, either by the first section of the Act of 1847, or this general clause of the Act of 1849, had the court been called upon to consider the statute as a whole; but the cause there appears to have accrued before the adoption of the act of 1849. Which of the sections would have been applied is not material at this time in this case." Farther along in the opinion referring to the "catch-all clause" it is said the same reads: "Civil actions, 'other than for the recovery of real property,' can only be commenced within the time prescribed in sections which follow. The words just quoted exclude actions for the recovery of real estate, and hence the general clause of section 3229 cannot be held to apply to an action for dower." Under such contradictory views, we cannot see why the court, in *Littleton* v. *Patterson*, would have held the case barred "by the general clause in the act of 1849," namely, the "catch-all clause."

It appears that the only use made of that clause by the court, in the case of *Robinson* v. *Ware*, *supra*, was to draw therefrom what the court deemed an indication of "legislative policy" to place a limitation on all actions; and hence that the same section, which had in *Littleton* v. *Patterson* been held not to apply to dower, should be held to apply as a bar thereto. Was not the silence of successive legislatures for twenty-six years, and the failure to give the courts a statute which would clearly place a different limitation on the action for dower, a tacit approval of the construction given in *Littleton* v. *Patterson?* Is not that kind of indication of "legislative policy" far more

direct and satisfactory than anything suggested in *Robinson* v. *Ware, supra?*

There is a limitation on dower, that is, the natural limitation on the life estate. It may be that the legislature is satisfied with that limitation, and it may in its wisdom fix a different limitation thereon. But at present we find no statute barring the right of the widow to prosecute her action for the assignment of dower.

It is contended by counsel for respondent that every civil action is limited to a certain period by our statute, either by a specific provision, or by the general terms of section 47. We do not think that proposition will hold in all cases. For instance, it could be argued with as much force that the action for divorce, on the ground of desertion, or habitual drunkenness, or conviction of an infamous crime, is in all its attributes as much a *civil action* as is the suit under the statute for assignment of dower.

Both actions are given by statute, and the procedure of the Civil Code is made applicable, except as otherwise provided in the respective acts. The action for divorce is not specified in the general Statutes of Limitation; and if barred it would be by the sweeping terms of section 47. But we do not think it is generally held by the bench, or profession, that an action for divorce on the ground that one spouse had been convicted of an infamous crime would be barred by section 47, if the complaining spouse should forbear, for three and a half years for instance after the conviction, to proceed for divorce. Although it could not be said that the right to the relief prayed for did not *accrue* at the time of conviction.

Of course the court of chancery may refuse to entertain a stale complaint for divorce, for some causes, but that bar is not placed on the general Statute of Limitation.

It is ordered that the judgment of the trial court be reversed at costs of respondent, and remanded for further proceedings.

BLAKE, C. J., and DE WITT, J., concur.